# OCTOBER 24, 1934

## JACK R. BURKE V. THE STATE.

No. 16676.   Delivered May 30, 1934.
Rehearing Denied October 24, 1934.
Reported in 75 S. W. (2d) 94.

The opinion states the case.

*Schlesinger & Schlesinger, Egbert Schweppe,* and *Lionel Goodstein,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is misapplication of trust funds; the punishment, confinement in the penitentiary for three years.

The prosecution proceeded under article 1540, P. C., which reads as follows:

"If any officer of any court who has the legal custody of any money, evidence of debt, script, instrument of writing or other article that may have been deposited in court to abide the result of legal proceedings shall appropriate the same to his own use, he shall be punished as if he had stolen the same."

In his motion to quash, appellant urged that the indictment failed to allege that the money came into his legal custody by reason of having been deposited in court to abide the result of legal proceedings. It is alleged in the indictment, in substance, that appellant was the duly elected, qualified and acting county clerk of Bexar County, Texas, and that by virtue of his office as county clerk was then and there an officer of the County Court at Law No. 1 of Bexar County, Texas; that by virtue of his office and by virtue of being clerk of the County Court at Law No. 1 of Bexar County, Texas, appellant had in

his legal custody, control, possession and charge, eight thousand dollars in money, the same being a deposit of money made with appellant as county clerk and as clerk of the County Court at Law No. 1 of said county by the City of San Antonio, a municipal corporation; that said deposit was made to abide the final result and determination of a legal proceeding then and there pending in the County Court at Law No. 1 of Bexar County, Texas, wherein the City of San Antonio was plaintiff and condemnor and Milton Ludwig et al. were defendants and condemnees; that on or about the 15th of December, A. D. 1931, appellant appropriated to his own use one thousand dollars in money, the same being a part and portion of the said eight thousand dollars that had theretofore on the first day of December, 1931, come into appellant's legal care, custody, control, possession and charge as aforesaid. We are unable to agree with appellant that there is not sufficient averment in the indictment that the money alleged to have been appropriated had been deposited in court to abide the result of legal proceedings.

Appellant contends that the evidence is insufficient. The proof on the part of the State showed that, pending a legal proceeding between the City of San Antonio and others, as averred in the indictment, the City of San Antonio, through its mayor and city clerk, issued a warrant in the sum of eight thousand dollars, of date December 1, 1931, payable to the registry of the County Court at Law No. 1 of Bexar County, Texas; that this warrant was delivered to one of appellant's deputies and duly entered on appellant's records as county clerk; that thereafter on December 2, 1931, said warrant was deposited in the National Bank of Commerce in the City of San Antonio, and placed to appellant's credit on his "trust fund" account; that on December 15, 1931, one thousand dollars was withdrawn from said account; that thereafter other sums of money were withdrawn therefrom; that the only amount paid out of the eight thousand dollars in settlement of the suit between the City of San Antonio and others was three hundred thirty dollars; that appellant at no time had made any accounting for the sums of money shown to have been withdrawn from the trust fund account. Appellant did not testify in his own behalf. We think the circumstances sufficient to show appellant's reception of the money, and the appropriation thereof. The offense involved is similar to embezzlement. We quote from Branch's Annotated Penal Code, sec. 2612, as follows: "When a trust fund is received and the

execution of the trust is peculiarly within the knowledge of the trustee, the burden is cast on him to account for the trust fund."

In support of the text, several authorities are cited, among them being Evans v. State, 48 S. W., 194.

We quote further from Branch, supra: "A conviction for embezzlement will be sustained where defendant was intrusted with money or property to be disposed of in a particular way and the proof shows he did not do that and defendant fails to show an honest disposition thereof."

Bills of exception 3 and 4 relate to the action of the court in permitting the introduction in evidence of the ledger sheet of the National Bank of Commerce showing appellant's trust fund account in said bank. The court qualified the bills of exception with the statement, in effect, that the account was introduced after the witness keeping the account had testified that he was the bookkeeper in charge of the books; that he was the custodian of the records and kept the records of account known as the Jack R. Burke Trustee Account; that he had in his hands the records "showing the deposits and withdrawals of that account"; that he kept a record of the account at that time and was in control of it and that it was a record of a National Bank. As qualified, we think the bills of exception fail to reflect error.

It is shown in bill of exception No. 17 that the assistant district attorney, in argument to the jury, used language as follows: "It stands to reason that a man gets back his cancelled checks from the bank. Where are the checks that in all probability came into the hands of Jack Burke? The defendant has offered no testimony to explain their absence to you." The argument was objected to on the ground that it constituted an allusion to appellant's failure to testify. The bill of exception is qualified with the statement that there were other witnesses who, if placed on the stand by appellant, might have explained where the cancelled checks were. As qualified, the bill fails to reflect error.

Appellant brings forward several bills of exception dealing with alleged misconduct on the part of the jury. In connection with these bills he brings up the testimony adduced upon the motion for a new trial. The statement of facts embracing this testimony is in question and answer form and cannot be considered. Each of the bills of exception relating to the misconduct of the jury is qualified by the trial judge to show that

there was an issue as to whether the misconduct alleged in the motion for new trial had occurred.

We have not undertaken to discuss all of the bills of exception. A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The reasons for a reversal advanced in the motion for rehearing have been reviewed. In substance they deal with the same matters that were before the court on the original hearing. A re-examination of them has been made but a detailed discussion is deemed unnecessary. Suffice it to say that we are constrained to the view that on the original hearing the proper disposition was made of the appeal.

The motion is overruled.

*Overruled.*