Guy SONDERUP and Dudley McManus, III,
Appellants,

v.

The STATE of Texas, Appellee.

No. 40520.

Court of Criminal Appeals of Texas.

July 19, 1967.

Ed. P. Williams, Corpus Christi, for appellants.

Sam L. Jones, Dist. Atty., Kenneth L. Yarbrough, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Possession of Heroin; the punishment, assessed by the trial court against each appellant, twenty-five (25) years confinement in the Texas Department of Corrections.

We do not deem a complete recitation of the facts necessary. The evidence reveals a trip from Corpus Christi to the Mexican border by the two appellants, co-indictee Tommy Green, and a woman companion who was later revealed to be a police informant; the purchase by Green of heroin in Miquel Aléman, Mexico; the secreting of such heroin by the three men on the Texas side before the foursome re-crossed the border at Laredo, Texas, and the subsequent arrest of the three men in Corpus Christi on April 16, 1966, when the heroin purchased in Mexico was found in the rear seat of Green's automobile where the two appellants were riding. At the time of the arrest, eight bottles of "dangerous drugs" were discovered in the possession of the appellant McManus.

Appellants initially contend that the trial court erred in overruling their pretrial motion for discovery generally requesting production of "all statements, documents and evidence now in the possession of police officers or the District Attorney of Nueces County." We recently held that a similar motion was too broad to be effective. Smith v. State, Tex.Cr.App., 409 S.W.2d 408. The motion does not specifically designate the evidence referred to nor reflect the "good cause" required by Article 39.14, Vernon's Ann.C.C.P. See 27 Baylor Review 451. There is no showing made by the appellants in the record that the evidence sought was material to their defense, that such evidence was non-privileged, and that their request was reasonable nor that the items demanded were in possession or control of the State or any of its agencies.

In overruling the discovery motion, the trial court did not abuse its discretion with consequent prejudice to the appellants.

Appellants next claim the trial court erred in failing to grant their separate motions for severance in view of the prior convictions of each. Such motions were not filed until the date of the trial and alleged that each appellant had a prior conviction, but for different types of offenses. There is no showing in the record that these convictions or their nature were introduced into evidence before the jury. At the penalty stage of the proceedings before the court, the prior convictions were stipulated to by the appellants. Such stipulations revealed that the appellant Sonderup had two prior burglary convictions and a misdemeanor conviction for possession of dangerous drugs, and that the appellant McManus had a previous felony theft conviction as well as a previous burglary conviction.

Severance is no longer a matter of right, but rests within the sound discretion of the court. Article 36.09, V.A.C.C.P. We cannot conclude, under the facts here presented, that the trial court abused its discretion and that a joint trial was prejudicial to the appellants.

Appellants further urge that the trial court erred in failing to hear evidence on their motions to suppress filed on the morning the trial began. The court was

not required to hear such untimely filed motions for the same reasons set forth recently in Bosley v. State, Tex.Cr.App. 414 S.W.2d 468. Further, we observe that the appellants were not prevented during the trial from objecting to the admissibility of any of the evidence they may have sought to suppress. The contention is without merit.

■ If we understand the next ground of error of the appellants, it is that these convictions cannot stand because the statement of facts reveal a case of entrapment. The issue of entrapment was submitted to the jury by the careful trial judge in his charge and was resolved against appellant's contention by the jury's general verdict.

■ Appellants still further urge that the punishment assessed by the trial judge was cruel and unusual and lacked uniformity with the punishment earlier assessed against the co-indictee, Tommy Green, who had actually purchased the heroin and devised the means to smuggle it across the Mexican border. The record reveals that prior to the trial of the case at bar, the co-indictee Green, who was represented by different counsel, entered a plea of guilty to the indictment before a different District Judge in the same county and upon the evidence adduced at said trial was assessed a punishment of eight (8) years. The sentences imposed on the appellants were within the range of penalties prescribed by the Legislature, Article 725b, Vernon's Ann.P.C., and do not constitute cruel and unusual punishment. Hunt v. State, 167 Tex.Cr.R. 51, 317 S.W.2d 743; Jacks v. State, 167 Tex.Cr.R. 1, 317 S.W.2d 731; 16 Tex.Jur.2d 120, Sec. 19. At the hearing on the proper punishment to be assessed against appellants, their prior convictions were relevant and admissible. Article 37.07, V.A.C.C.P. The lack of uniformity of sentences with punishment imposed on Green does not in and of itself reflect reversible error.

■ Lastly, the appellants themselves complained that the trial court erred in overruling their motion for new trial alleging jury misconduct, in that the jurors discussed punishment despite the court's written instruction to consider only the issue of guilt or innocence. In accordance with the requirements of Article 37.07, Sec. 2(a), V.A.C.C.P., the court, in submitting the issue of guilt or innocence, instructed the jury in its charge as to the punishment provided by law for the offense charged. Testimony on the motion for new trial revealed that the jurors had discussed in their deliberations on the issue of guilt or innocence the evidence elicited from the co-indictee Green, a defense witness, that he had received an eight year sentence, but the disputed issue of whether the jurors had considered what punishment would be assessed in arriving at their verdict of guilty was resolved against the appellants by the trial court's ruling on such motion.

■ The Texas Civil Liberties Union has filed an amicus curiae brief on the behalf of the appellant McManus. Such brief first contends that the trial court deprived the appellant McManus of his Fourteenth Amendment rights by failing to give an appropriate instruction to the jury that the testimony of an informer must be examined with greater scrutiny than that of an ordinary witness. Acknowledging the fact that such "error" was not assigned, the brief, nevertheless, insists that the same be considered as unassigned error in the interest of justice. Article 40.09, Sec. 13, V.A.C.C.P. We observed at the outset that no objection on this basis was addressed to the court's charge nor was a special charge thereon requested. Articles 36.14 and 36.15, V.A.C.C.P. The ground of error is not before us for consideration.

■ The sufficiency of the evidence to sustain McManus's conviction in "acting together" to possess the heroin as charged in the indictment is challenged next by the amicus curiae brief. Without a recitation of all the facts, we conclude that the testi-

mony of appellant McManus's knowledge of the purpose of the trip to the border was to buy narcotics, his knowledge that Green had purchased the heroin, and his subsequent assistance in hiding the heroin in a beer can prior to crossing the border again at Laredo is sufficient, when taken together with all the facts and circumstances, to sustain the jury's verdict. See Middleton v. State, 86 Tex.Cr.R. 307, 217 S.W. 1046.

Finding no reversible error, the judgment is affirmed.