William SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43981.

Court of Criminal Appeals of Texas.

July 7, 1971.

Saul Pullman, Eastland, for appellant.

Emory C. Walton, Criminal Dist. Atty., Eastland, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for embezzlement over the value of $50.00 with the punishment being assessed at 5 years.

The trial was before the court upon a plea of not guilty after waiver of trial by jury.

The indictment charged the appellant had embezzled "279 head of goats, of the total value of $1,795.70" "on or about the 22nd day of July A.D., 1969."

■ At the outset appellant, without citation of authority, contends the "judgment is contrary to the law and evidence presented at the trial."

The record reflects that approximately three weeks before the date of the alleged offense D. W. Vawter of Sanderson employed the appellant and placed him in possession of about 400 goats on a ranch or farm near Cisco in Eastland County. Vawter testified he authorized and instructed the appellant to sell as many of the goats as possible at a profit and at prices understood between them; that he clearly instructed the appellant to sell only to individuals and to mail the check or checks received to him; that the appellant was instructed never to sell the goats at an auction barn because of the prices obtainable there; that the appellant sold 120 goats to individuals under their arrangement and forwarded the checks to him.

Other evidence shows that on or about the date alleged in the indictment the appellant, portraying to those with whom he dealt that the goats were his, had at least 279 goats trucked from the Vawter ranch or farm to a livestock auction barn at Eastland where they were consigned in his name. He received a check for $1,795.70 from the auction barn made payable to him, and immediately cashed the same and left the county going from town to town. He was finally apprehended almost a year later in Bastrop.

In 5 Branch's Ann.P.C., 2d ed., Sec. 2810, p. 318, it is written:

"A conviction for embezzlement will be sustained where defendant was intrusted with money or property to be disposed of in a particular way and the proof shows he did not do that and defendant fails to show an honest disposition thereof. Riley v. State, 32 Tex. 763; Bridgers v. State, 8 App. [145] 147; Evans v. State, 40 Crim. 58, 48 S. W. 194; Hamer v. State, 60 Crim. 341, 131 S.W. 813; Ainsworth v. State, 105 Crim. 212, 287 S.W. 250; Stocks v. State, 147 Crim. 164, 179 S.W.2d 305, and cases cited. See also Powell v. State, 82 Crim. 163, 198 S.W. 317; Burke v. State, 127 Crim. 160, 75 S.W.2d 94; Larkin v. State, 157 Crim. 284, 248 S.W.2d 134."

We deem the evidence sufficient to sustain the conviction. We further note that the appellant, testifying for the first time at the punishment phase of the trial, admitted his guilt.

■ Next appellant urges the court erred in overruling his motion for continuance depriving him of effective assistance of counsel since his court appointed counsel was denied adequate time to sufficiently prepare for trial.

The indictment was returned on October 8, 1969. After appellant's apprehension and at his request following the filing of a

pauper's oath counsel was appointed on July 27, 1970, to represent him. It appears that the case was then set for trial on August 17, 1970, at which time trial commenced after the overruling of the motion for continuance.

Initially, it should be observed that since the appointment of counsel was more than ten days prior to trial the provisions of Article 26.04, Vernon's Ann.C.C.P., are not here applicable or involved in the question presented. See Steward v. State, Tex.Cr. App., 422 S.W.2d 733, 737; Lamar v. State, Tex.Cr.App., 415 S.W.2d 926.

The motion for continuance filed on the day trial commenced was primarily based on the claim of inadequate time to prepare for trial, noting that the court had on July 31, 1970, ordered the State to produce a list of its trial witnesses by August 5th, and that the list of witnesses was not furnished until August 11th with the majority of the witnesses listed living outside of Eastland; that the court had not ruled upon his motion to take the deposition of the complaining witness, etc.[1]

If evidence was offered in support of such motion, it is not in the record before us.

We observe that the State called only four witnesses. Other than the complaining witness, all such witnesses lived in Eastland or Cisco in the same county where appointed counsel lived. And at the pre-trial hearing the appellant was voluntarily given by the State a prior written statement of the complaining witness. The motion for new trial did not complain of these same grounds and there is no showing how the appellant was harmed by the court's action in overruling the motion for continuance. The record clearly reflects that the appellant was adequately represented and that counsel possessed a detailed knowledge of the facts involved at the time of trial.

Appellant also contends the court erred in failing to give him five days' notice as provided by Article 28.01, V.A.C.C. P., before conducting pre-trial hearings.

Appellant points out that he was arraigned on July 27, 1970, and at that time the pre-trial hearing was set for July 31, 1970, at which time such hearing was held. At neither time was any objection interposed on the ground now urged nor was there a request for additional time.

Although appellant complained in his motion for new trial of the failure to give the 5 days' notice, there was no showing, by affidavit or otherwise, as to how he was injured or prejudiced by having four days' notice instead of five. Further, it should be borne in mind that whether the trial judge conducts a pre-trial hearing at all rests within his sound discretion. Bosley v. State, Tex.Cr.App., 414 S.W.2d 468, 470.

Still further, appellant complains that the court erred in failing to grant his motion for the production of evidence at the pre-trial hearing.

"Said motion asked for inspection of all papers and letters written or stenographically recorded and all copies of all witness statements and interviews." It is clear that the motion was too broad to be effective and did not reflect the "good cause" required by Article 39.14, V.A.C.C.P., for motions for discovery. See Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 408; Smith v. State, Tex.Cr.App., 455 S. W.2d 748; Campos v. State, Tex.Cr.App., 468 S.W.2d 81. Further, under the express provisions of Article 39.14, supra, the appellant was not entitled to the written statements of witnesses and the work product of counsel and their investigators. Also, we note that the appellant has failed to show that the matters sought to be discovered were material to his defense or the

---

1. The record reflects that at the pre-trial hearing the court overruled the motion to take the deposition of Vawter at that time.

issue of punishment or that the items sought were in the possession of the prosecution and withheld. Bell v. State, Tex. Cr.App., 442 S.W.2d 716; Campos v. State, supra.

In its brief the State points out that even though not required to, it agreed to make available to appellant's counsel any signed statement of any witness and advised that no confession of the appellant was known to exist.

We perceive no error.

█ Lastly, appellant complains of the court's refusal to grant him probation.

The question of whether a defendant is entitled to probation, where the court assesses punishment, rests absolutely within the sound discretion of the trial judge under the guideposts of the statute (Article 42.12, V.A.C.C.P.) and no authority exists for the defendant to require such clemency. Martin v. State, Tex.Cr.App., 452 S.W.2d 481, and cases there cited.

The judgment is affirmed.