Leo Thomas FEEHERY, Appellant,

v.

The STATE of Texas, Appellee.

No. 44765.

Court of Criminal Appeals of Texas.

May 9, 1972.

Rehearing Denied June 14, 1972.

John Cutler, Houston, for appellant.

D. Brooks Cofer, Jr., Dist. Atty., Bryan, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of lysergic acid diethylamide (LSD). The jury assessed the punishment at two years.

The record reflects that Steve Hansen and Leo Thomas Feehery, the appellant, sold to Danny Williams, an undercover narcotics agent, five tablets of LSD in Hansen's room on the campus of Texas A & M University on May 14, 1970. Appellant and Hansen were separately indicted as principals in the sale.

The sufficiency of the evidence is not challenged.

Appellant's first four grounds of error complain of the trial court's refusal to grant his motion for discovery of (1) a copy of any photographs relating to the evidence; (2) a copy of or permission to view any chemical analysis made on the tablets; (3) a copy of the initial arrest report, and (4) a copy or inspection of any evidence in the prosecutor's possession favorable to the appellant. The trial court granted appellant's motion to discover any written statement or confession made by him and the names and addresses of witnesses to be used against him.

The Texas criminal discovery statute, Article 39.14, Vernon's Ann.C.C.P., provides, in part:

"Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. . . ."

The discovery statute is itself a limited one [1] and this Court has repeatedly held it necessary for the defendant making a motion for discovery to show the statutory requisites of good cause, materiality and possession by the State. See Smith v. State, Tex.Cr.App., 468 S.W.2d 828; Smith v. State, Tex.Cr.App., 455 S.W.2d 748, and Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807.

■ There must be something in the record to show at least the existence of the items requested. Solomon v. State, Tex. Cr.App., 467 S.W.2d 422; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728. Nothing in the record indicates the existence of any photographs.

■ Under Article 39.14, supra, a chemical analysis of the drugs is excepted as part of the work product of the prosecutor and his investigators.[2]

■ A police officer's arrest report has been held to be excepted by the discovery statute even though that report is made prior to any investigation conducted by the prosecutor. See Hart v. State, Tex.Cr. App., 447 S.W.2d 944. Neither this report nor any of the other items was again requested at trial and none was requested to be sent before this Court for review.

■ Where the motion is too broad to be effective in that it includes items excepted by the statute and is nothing more than a fishing expedition this Court has upheld the trial court's refusal to grant the motion. See, e. g., Smith v. State, Tex. Cr.App., 468 S.W.2d 828; Bell v. State, Tex.Cr.App., 442 S.W.2d 716; Smith v. State, Tex.Cr.App., 409 S.W.2d 408, cert. denied 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed. 2d 73. Appellant's request for "any evidence in the prosecutor's possession favorable to the appellant" was properly denied because too broad to be effective.

No error is shown in the trial court's refusal to grant discovery of the items requested in appellant's motion.

■ Appellant's fifth and sixth grounds of error complain of the trial court's overruling his motion that Steve Hansen, who was separately indicted for the same offense arising out of the same transaction, be tried first. The appellant alleged that he would call Hansen as a witness but that, if called prior to his own trial, Hansen would refuse to testify by relying on the Fifth Amendment. Appellant further contended in his motion that Hansen made a prior statement to his attorney which would exculpate appellant but could not be introduced because of the attorney-client privilege.

Article 36.10, V.A.C.C.P., provides:

"If a severance is granted, the defendants may agree upon the order in which they are to be tried, but if they fail to agree, the court shall direct the order of the trial."

The record shows no agreement between appellant and Hansen, and the order of the trials was discretionary with the trial court. Harris v. State, 172 Tex.Cr.R. 150, 354 S.W.2d 155. Appellant directs this Court's attention to Byrd v. Wainwright, 428 F.2d 1017 (5th Cir. 1970), an appeal from a grant of relief in a habeas corpus proceeding attacking a trial in which the defendant and six others were jointly tried for rape after the defendant's motion for severance and for other defendants to be tried earlier than he was denied. The Fifth Circuit affirmed the granting of the relief. Two factors critical to the affirmance were that at the time of the motion there was a plain desire on the part of the defendant to have the co-defendants testify, and there was no dispute that a co-defendant had made written and exculpatory statements concerning the defendant.

1. For an analysis of the statute see Comment, 47 Texas L.Rev. 1182 (1969).

2. Permission to test the tablets was not requested.

In the present case the appellant plainly expressed in his motion a desire to have Hansen testify. He set out in his motion a supposedly exculpatory remark which Hansen had allegedly made to his attorney. Assuming that Hansen made the statement attributed to him, we will determine whether the statement was sufficiently exculpatory in nature as to deny appellant due process by not granting him a later trial.

According to the motion, Hansen related to his attorney (and supposedly would have testified at appellant's trial if Hansen were tried first):

"And Feehery was sitting on the bed, and he was sort of playing the guitar and like I keep my towels at the foot of my bed and at the other end of the bed there is the window so Feehery couldn't really see."

The motion further states that the appellant and his attorney were of the opinion that the testimony of Hansen was material to appellant's defense.

The undercover agent testified at the trial that he went to the campus and was taken to the room and talked with Hansen and the appellant concerning the purchase of LSD. The appellant, who was sitting on the bottom bunk bed, said: "We just sold all of it." After further discussion, the appellant stated that they were "laying low" because "the D.P.S. men were in town." Later, the terms of a sale were agreed upon and both the appellant and Hansen said the price would be three dollars a tablet. Hansen delivered the tablets to the agent and accepted the money. When the agent asked for something to put the tablets in the appellant said, "Sure, man, we have plenty of envelopes; we try to treat our customers right."

We see nothing on the face of the alleged statement which would be exculpatory of appellant, and appellant gave no indication to the trial court as to how it might be. No abuse of discretion is shown.

The judgment is affirmed.