Willie James **JACKSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46998.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Robert C. Sullivan and Warren H. Gould, Waco, for appellant.

Martin Eichelberger, Dist. Atty. and Ward Casey, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of robbery by assault with a firearm and his punishment was fixed by the jury at confinement for ninety-nine years.

Albert Volcik was assistant manager of a Piggly Wiggly Store in Waco. While in the store at approximately 6:40 p. m. on July 29, 1972, he was accosted by a black male who pushed a pistol into his side and demanded money. Volcik gave the robber five hundred dollars in cash and the robber left the store in company with another black male in a Chevrolet car. Volcik was able to obtain and make a note of the license number on the escape vehicle.

City police having shown him several mug shots, Volcik identified appellant as the robber; and, upon the trial, was positive in his identification of appellant. The State offered witnesses who explained how appellant came to be in a vehicle owned by one Clemmy Degrate which bore the license number of the escape vehicle. Other witnesses of the State told of appellant's possession of a pistol of the type used in the robbery, of statements that he was going to or had "hit" a store, and his possession of a considerable sum of money shortly after the robbery.

■ We turn first to a consideration of ground eight urged by the appellant, that

the trial court erred in overruling his motion for new trial because there was no evidence or insufficient evidence to sustain the conviction. Not only is the ground multifarious but the record supporting it is not pointed out in the brief. However, as we understand the contention, it is based upon the fact that while all of the evidence shows that the robbery occurred on July 29, 1972, the indictment fixed the date as August 29, 1972. The indictment was presented on September 21, 1972, and the trial began on October 26, 1972. Understandably, appellant cites no authority supporting such contention.

In Glenn v. State, 436 S.W.2d 344, 346 (Tex.Cr.App., 1969), the Court laid down the rule governing our case, saying:

> "It is well established that the State is not bound by the date alleged in the indictment and may prove that the offense was committed before, on, or after the date alleged, if the date proved to be a date anterior to the presentment of the indictment and not so remote as to be barred by limitation. 1 Branch's Anno. P.C., 2nd Ed., Sec. 459, p. 457."

See also, Bowker v. State, 481 S.W.2d 141, 142 (Tex.Cr.App., 1972).

Grounds one and two are presented jointly and will be disposed of accordingly. Both complain of the trial court's refusal to declare a mistrial. While Volcik was undergoing cross-examination, appellant's counsel asked him a series of questions about the unusual length of the robber's fingernails; but, as Volcik explained to appellant's counsel: "Those fingernails look mighty small when there is a gun in it." State's counsel then asked Volcik:

"Of course, this Judge and us and everybody else and the jury would know how long his fingernails would be three months ago if he would just tell us, wouldn't we?"

Appellant's counsel then stated: "We are going to object, Your Honor, on Motions heretofore filed, as the Court is well aware and move for a Mistrial." The Court responded: "Overruled." We pause to note that the index of the record indicates that appellant filed at least *twelve* written motions during the trial.

■ Appellant did not advise the court that the question propounded was a reference to his failure to testify. As was said in Hendrix v. State, 474 S.W.2d 230, 233 (Tex.Cr.App., 1971): "Absent an objection on the ground now urged, the matter cannot be considered on appeal."

■ Furthermore, the remarks were made at a time when State's counsel had no way of knowing whether appellant would testify or not; nor was the language a direct allusion to appellant's failure to testify. No error is shown by this incident. McCary v. State, 477 S.W.2d 624, 627 (Tex.Cr.App., 1972). See also, Hill v. State, 480 S.W.2d 670, 674 (Tex. Cr.App., 1972).

■ The second complaint relates to the argument of State's counsel reproduced in the margin.[1] The remarks of counsel appear to be true to the record and refer to the activities of appellant's counsel, not the failure of appellant to testify. Meyer v. State, 416 S.W.2d 415, 417 (Tex.Cr.App., 1967). "To constitute error the argument would, of necessity, need be understood by

1. "And then he tried to ask Dan, he said, well, that money, Dan, Sullivan, you know, and like the Judge says what lawyers say, whether in the argument or their questions it's the answers that you listen to. But, anyway, Sullivan [appellant's counsel] in his questions, he asked Dan, isn't it a fact that that money came from the gambling game, he was always shooting dice and gambling and Sullivan would have you believe that that's where the money $180.00 might come from or the money that was involved came from, the dice game. And he gets up here and implies that to you. through his questions but he won't get up and testify as to where the money came from. He won't do that. That isn't the evidence, that isn't testimony. What is evidence and what is testimony is what you heard up here and Dan said, no, I don't know anything about any gambling. . . ."

the jury as a comment on the appellant's failure to testify." Lipscomb v. State, 467 S.W.2d 417, 420 (Tex.Cr.App., 1971). Grounds one and two are overruled.

■ Next, appellant complains of the action of the trial court in overruling his motion for discovery, a portion of which is reproduced in the margin.[2] Even appellant concedes in his brief that the motion for discovery was broad; and, in this instance, we agree. All of the contentions advanced were answered in Sonderup v. State, 418 S.W.2d 807, 808 (Tex.Cr.App., 1967):

"The motion does not specifically designate the evidence referred to nor reflect the 'good cause' required by Article 39.14, Vernon's Ann.C.C.P. See 27 Baylor [Law] Review 451. There is no showing made by the appellants in the record that the evidence sought was material to their defense, that such evidence was non-privileged, and that their request was reasonable nor that the items demanded were in possession or control of the State or any of its agencies."

See also, Feehery v. State, 480 S.W.2d 649 (Tex.Cr.App., 1972), and cases therein cited.

■ Appellant complains in ground four that the cause should be reversed because State's counsel engaged in a series of personal attacks upon appellant's appointed counsel. We have not receded from the position taken in Bray v. State, 478 S.W.2d 89 (Tex.Cr.App., 1972), that counsel in defending indigent persons uphold one of the finest traditions of the bar; and, more importantly, such counsel should not be attacked personally because he uses honorable means to present every available defense.

We do not have a Bray situation presented by this voluminous record. Instead, it readily appears that it was appellant's counsel who taunted the prosecution and employed the "smoke-screen" argument of which he now complains so vigorously. It would unduly lengthen this opinion to reproduce appellant's argument and the prosecution's reply. It is sufficient to say that our review does not reveal error. Gorman v. State, 480 S.W.2d 188, 190–191 (Tex.Cr.App., 1972).

■ Appellant complains that the prosecutor committed reversible error in his argument when he commented on the fact that Imogene Monroe, a witness for appellant, had pleaded guilty to murder, received a two-year sentence in prison and was released in six months. Such was true to the record, having been established by appellant's counsel in his examination of the witness. Appellant's reliance upon Hernandez v. State, 366 S.W.2d 575, 576 (Tex.Cr.App., 1963), is misplaced. Not only was there evidence in the record supporting counsel's argument, such argument was in reply to argument of appellant wherein he castigated Imogene Monroe as a convicted murderer. Furthermore, no objection was made at the time nor any instruction sought by appellant. No error is shown. Blassingale v. State, 408 S.W.2d 115, 116 (Tex.Cr.App., 1966); Olson v. State, 484 S.W.2d 756, 759 (Tex.Cr.App., 1969).

■ The record shows, in several places, that appellant was from Dallas County and had been convicted of a felony there. In the argument at the punishment phase of the trial, State's counsel argued: "Now, you say this is ridiculous up in Dallas County but you noticed Willie [appel-

---

2. Appellant sought to have the prosecutor examine "all items of information obtained in this case by any member of his staff or by the police or by any other state official and then make prior to trial disclosure to Defendant or his counsel of all portions thereof which are favorable to the Defendant or might be useful to him in the planning and preparation of his defense, such items including, but not being limited to, the following: photographs; tangible objects and other physical evidence; scientific findings as to physical evidence; statements or recordings reflecting testimony given by each witness interviewed by the prosecutor or any member of his staff or by the police or by any other state official; and transcript of testimony given before the grand jury."

**664**

lant] don't try Dallas County no more, he came down to greener pastures, they give them a thousand and three thousand up there and Willie knows it. . . ." The objection was sustained, appellant's motion for mistrial denied; but, upon his motion, the jury was instructed to disregard the prosecutor's argument. Ground seven urges that it was error to overrule the motion for mistrial. We disagree.

In Terry v. State, 481 S.W.2d 870, 871 (Tex.Cr.App., 1972) in passing upon a similar contention, the Court said:

> "An instruction to disregard will cure error except in extreme cases where it appears that the question or evidence is clearly calculated to inflame or prejudice the minds of the jury and is of such a character that the impression it creates cannot be withdrawn from the jury."

No error is reflected and ground seven is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.