**Jerry THOMAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48692.**

Court of Criminal Appeals of Texas.

July 10, 1974.

James L. Weber, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. De Witt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. Punishment was assessed by the jury at five years.

The sufficiency of the evidence is not challenged.

Appellant contends the court erred in overruling his motion for discovery.

Appellant directs our attention to his motion for discovery wherein he requested the production of:

"(d) Any papers, object or real evidence that is in the possession of the police or District Attorney's Office which may in any way be material to the guilt or innocence of the Defendant."

In addition to the foregoing, appellant's motion for discovery generally called for statements of appellant, photographs, drawings, results of scientific tests, offense reports, logs of arresting officers, criminal records of appellant and witnesses for the State and transcription of grand jury testimony.

At the hearing on such motion the record reflects nothing more than "an off-the-record discussion at the Bench between the Court and counsel," a statement by appellant's counsel that it was his understanding that the police were answering a disturbance call at the time of appellant's arrest and a request to see the police dispatcher's records for that evening.

The court denied appellant's motion for discovery and such action by the court forms the basis of appellant's complaint.

The record reflects appellant was arrested after he had dropped a substance determined to be marihuana. After arrest appellant was searched and cigarette papers found in his pocket were subsequently introduced into evidence.

Appellant urges that under section "(d)" of his motion for discovery he was entitled to the cigarette papers for fingerprint analysis under Article 39.14, Vernon's Ann.C.C.P. Appellant argues that he was completely unaware of the existence of the papers and that he should have been furnished the papers in order that he could be prepared for trial.

■ Under the decisions of this Court appellant's request for "any papers, object or real evidence that is in the possession of the police or District Attorney's Office which may in any way be material to the guilt or innocence of the Defendant" was properly denied because it was too broad to be effective. Jackson v. State, Tex.Cr. App., 501 S.W.2d 660; Feehery v. State, Tex.Cr.App., 480 S.W.2d 649; Smith v. State, Tex.Cr.App., 468 S.W.2d 828; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807. We find appellant's reliance on Detmering, v. State, Tex.Cr.App., 481 S.W.2d 863, to be misplaced. In *Detmering*, the defendant's motion was to "examine and inspect all drugs . . . designated by the penal statute as dangerous drugs and which the State of Texas intends to introduce into evidence in this case and which is now in the possession of the District Attorney." This court reversed *Detmering* for failure of the trial court to allow the defendant to make a chemical analysis of such drugs.

No error is shown in the denial of appellant's motion.

Appellant's contention that the court erred in admitting the cigarette papers into evidence is bottomed on his argument heretofore discussed in his first ground of error. We perceive no error in the admission into evidence of the cigarette papers.

■ Appellant contends that the court erred in overruling his motion for resentencing in accordance with Article 13 of the Penal Code.

Trial was in April, 1973. Motion for new trial was overruled, sentence pro-

nounced, and notice of appeal given on May 17, 1973.

After the effective date of the Controlled Substances Act, (August 27, 1973) appellant filed a motion for resentencing under Section 4.06 thereof pursuant to Article 13, Vernon's Ann.P.C. Such motion was overruled on November 1, 1973.

Appellant urges that the effective date of the repeal of Article 13, V.A.P.C., was January 1, 1974, and since his trial and motion for resentencing came before such time he was entitled to have punishment ameliorated.

In Worley v. State, Tex.Cr.App., 485 S. W.2d 789, it was said:

"The election under Article 13, supra, is applicable only at the time the trial begins. The controlling rule is found in 1 Branch's Ann.P.C.2d, Section 19, page 20 as follows:

" 'The law in force when the trial commences is the law of the case until its end. If the statute ameliorating the penalty is not in force when the trial begins the court is not required to notice it.' "

Appellant's contention that the "trial court erred in overruling appellant's motion for resentencing in accordance with Sections 4.06 and 6.01(c) of the Texas Controlled Substances Act, Acts, 63rd Legislature, Chapter 429" has been decided adversely to appellant in decisions of this Court in State ex rel. Smith v. Blackwell, Tex.Cr.App., 500 S.W.2d 97 and Ex parte Giles, Tex.Cr.App., 502 S.W.2d 774.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

I concur. The majority's conclusion that the appellant's discovery motion was too broad is, under the circumstances of this case, an error.

If we assume that appellant was, in fact, unaware of the existence of the cigarette papers, how can we, in reason, require that he must designate with specificity each item that he desires to examine? Counsel would, of necessity, need to be clairvoyant in the drafting of motions for discovery. Further, how could appellant be more specific in this instance? Cigarette papers are "any papers", they are an "object" and evidently they are "real evidence" since they were admitted as such.

Under the present ruling, one is limited to discovery of only those items of which he is aware. This is not discovery, but only a limited right of examination. To my mind at least, the term "discovery" implies more than the mere privilege of physically examining those items, the details of which are already known. It must extend to all items material to the case, whether or not they are known to exist by the accused.

While I do not deny that a certain amount of specificity in defining those items sought to be discovered is required, yet I cannot understand how this appellant's motion could have been any more specific than it was. To say that one must know about an item in order to discover and examine it begs the question. If the appellant would have been entitled to examine these cigarette papers had he known of their existence, then we can safely assume this to be a valuable right. Is it fair to deny him the exercise of that right because he did not know about the papers in advance and could not specifically request that they be made available? I think not. The majority has set a standard well-nigh impossible for many accused persons to meet. I disassociate myself from the disposition of appellant's first and second grounds of error.

ODOM, J., joins in this opinion.