**Ralph J. HOFFMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48353.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

James F. Gardner and J. Russell Graham,
San Antonio, for appellant.

Ted Butler, Dist. Atty. and Fred Rodriguez and Douglas C. Young, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted of oral sodomy. His punishment was assessed by the court at six (6) years' confinement in the Texas Department of Corrections following a guilty verdict.

The sufficiency of the evidence is not challenged. The record reflects that the fourteen year old prosecutrix and her nineteen year old boyfriend were parked in his car at night at Woodlawn Lake in San Antonio on August 10, 1971. While kissing and "touching" each other, the boyfriend removed her dress and the prosecutrix removed the remainder of her clothing. Appellant, a park ranger, approached the car and requested identification. He instructed the boyfriend to remain in his car, and appellant then escorted the prosecutrix, with only her dress draped over her, to his vehicle. Contrary to his supervisor's stated policy, appellant required the prosecutrix to enter his vehicle. He informed the prosecutrix that he was going to have to put her boyfriend in jail and take her to the juvenile home unless she wanted "to take the easy way out." The appellant then went to the boyfriend's car and handcuffed the boyfriend and then returned to his vehicle. There, he forced the prosecutrix to commit an act of oral sodomy upon him. Shortly after they were released, the boyfriend and the prosecutrix reported the event to his father and her mother and the police were called.

Testifying in his own behalf, appellant admitted the prosecutrix, with her dress draped over her body, was told to sit in his car for the purpose of an interview.

He denied handcuffing the boyfriend or that an act of oral sodomy took place.

In his first two grounds of error appellant contends that the trial court committed error in refusing to admit into evidence for the purpose of impeachment the transcript of the examining trial testimony containing prior inconsistent statements made by the prosecutrix and her boyfriend.

On cross-examination of the prosecutrix and the boyfriend it was elicited that their "touching" of each other consisted of the prosecutrix holding the boyfriend's penis, while he was feeling her breast with one hand and "fingering" her between her legs with the other hand. The prosecutrix admitted that she had testified at the examining trial all she and her boyfriend were doing was kissing; however, when she was asked if she remembered being asked at the examining trial certain quoted questions and giving certain quoted answers that she did not have her boyfriend's penis in her hand, etc., and that her boyfriend did not have his hand between her legs, she testified she did not remember. On redirect and recross-examination she admitted she was nervous during the examining trial, as she did not know whether her mother was present, and did know that the boyfriend's mother was in the courtroom.

Later, the court reporter who took and transcribed the examining trial proceedings was called as a witness and authenticated the testimony given by the prosecutrix and her boyfriend. Appellant then offered into evidence portions of the examining trial testimony [1] by these witnesses for the purpose of impeachment, including the questions and answers noted heretofore wherein he claimed the boyfriend's and the prosecutrix's testimony at the examining trial was at variance with their trial testimony. Upon objection by the State that the proffered testimony had not been authenticated in accordance with Article 16.09, Vernon's Ann.C.C.P., etc., the trial court excluded

---

1. Compare Ellingsworth v. State, 487 S.W.2d 108 (Tex.Cr.App.1972).

the proffered testimony, permitted the appellant to perfect his bill of exception, making the entire examining trial testimony a part of the appellate record.

Turning to the ground of error relating to the boyfriend's testimony, we do not find the same to be briefed in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. The appellant does not call our attention to which prior inconsistent statements made at the examining trial he claims should have been admitted, etc., and of which he now complains on appeal. This court should not have to examine an entire appellate record and then speculate as to appellant's complaints on appeal.

Further, it is observed that when appellant offered the examining trial testimony there was no showing of compliance with Article 16.09, Vernon's Ann.C.C.P.[2]

[1] Nevertheless, we have examined the boyfriend's trial testimony and find that such testimony was basically consistent with his examining trial testimony, particularly with regard to the sexual activity he was engaged in with the prosecutrix prior to the appellant's arrival on the scene. In two instances the boyfriend readily agreed on cross-examination that his examining trial testimony was "fresher" than his subsequent trial testimony and no doubt correct, thus performing the act of impeachment upon himself and eliminating the necessity of introducing the inconsistent examining trial testimony. See Wood v. State, 511 S.W.2d 37 (Tex.Cr.App. 1974).

■ The same is true with regard to the prosecutrix's testimony as to whether appellant forced her to open her mouth. On direct examination she indicated appellant had forced her mouth open prior to the alleged act. On cross-examination she was confronted with her examining trial testimony as follows:

"Q. . . . You remember the question: 'Well, how did he force you to open your mouth? Did he put his hand on your jaw and force your mouth open or what?' Answer: 'No.' Question: 'So you opened your own mouth, then, didn't you?' Answer: 'Yes.'

Do you remember testifying to that?

"A. I don't know.

"Q. You don't remember?

"A. Well, if he was—well, he had me like that and was sticking it, to open it.

"Q. Why?

"A. Because he threatened me.

"Q. But you opened your mouth?

"A. In a way.

"Q. In a way. So you did open your mouth yourself?

"A. Well, if it was my mouth, it was open."

The prosecutrix thus agreed with her prior testimony when confronted with it. admitting in effect it was inconsistent with her trial testimony. Under these circumstances she had therefore performed the act of impeachment on herself. The examining trial testimony then in this regard should not have been admitted. Wood v. State, supra.

■ An examination of the record reveals that many of appellant's complaints relating to appellant's attempts to impeach the prosecutrix were upon collateral issues.

2. Article 16.09, supra, provides:
 "The testimony of each witness shall be reduced to writing by or under the direction of the magistrate, and shall then be read over to the witness, or he may read it over himself. Such corrections shall be made in the same as the witness may direct; and he shall then sign the same by affixing thereto his name or mark. All the testimony thus taken shall be certified to by the magistrate. *In lieu of the above provision, a statement of facts authenticated by State and defense counsel and approved by the presiding magistrate may be used to preserve the testimony of witnesses.*"

While great latitude is allowed in cross-examination in attempts to discredit the witness, the witness may not be cross-examined as to any fact that is collateral and irrelevant to the issue merely for the purpose of laying a predicate for the introduction of independent evidence to impeach him by a showing that, as to the matter embraced in the question, the witness has answered falsely. Corpus v. State, 463 S.W.2d 4 (Tex.Cr.App. 1971); McCormick and Ray, Texas Law of Evidence (2d Edition), Sec. 683, p. 526; 62 Tex.Jur.2d, Witnesses, Sec. 224.[3]

■ It would appear that if the proper predicate had been laid in accordance with Article 16.09, supra, the trial court should have permitted impeachment of the prosecutrix by use of the examining trial testimony as to the sexual activity occurring prior to appellant's arrival after she stated she didn't remember her examining trial testimony quoted to her. We cannot conclude, however, that if there were error in refusing to admit the examining trial testimony it was of a reversible nature. Her trial testimony described in some detail the sexual activity, while her prior testimony denied she was engaged in doing any more than "kissing." She was fully cross-examined in the jury's presence by appellant's counsel using the examining trial record. The jury was obviously aware of the claimed inconsistencies in her testimony, and she attempted to explain her earlier testimony on the basis of her nervousness and the possible presence of her mother and the presence of the boyfriend's mother.

■ In grounds of error number three through ten the appellant contends that the trial court committed error in failing to grant various motions for discovery. No error is found. The discovery statute, Article 39.14, Vernon's Ann.C.C.P., is itself a limited one and this court has repeatedly held that it is necessary for the defendant when making a motion for discovery to show the statutory requisites of good cause, materiality, and possession by the State. Feehery v. State, 480 S.W.2d 649 (Tex. Cr.App. 1972); Smith v. State, 468 S.W.2d 828 (Tex.Cr.App. 1971); Smith v. State, 455 S.W.2d 748 (Tex.Cr.App. 1970); Sonderup v. State, 418 S.W.2d 807 (Tex.Cr. App. 1967). Further, there must be something in the record to show at least the existence of the items requested. Solomon v. State, 467 S.W.2d 422 (Tex.Cr.App. 1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App. 1969). Appellant's pre-trial request for "statements of each witness" was properly denied since Article 39.14, Vernon's Ann.C.C.P., specifically exempts such items from discovery as "work product." The request for grand jury testimony was properly denied as appellant failed to show a particularized need for such testimony. Williams v. State, 493 S. W.2d 863 (Tex.Cr.App. 1973); Garcia v. State, 495 S.W.2d 257 (Tex.Cr.App. 1973). All other motions for discovery are too broad to be effective. Grounds of error number three through number ten are overruled.

■ In grounds of error number eleven and twelve appellant contends that the trial court committed error in failing to allow his attorney to be furnished with a copy of the statements given to the police by both the prosecutrix and her boyfriend so that such statements could be used for cross-examination and possible impeachment of the two witnesses. After the defense counsel's request for copies of the statements,[4] the State objected and argued

3. The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as a part of his case tending to establish his plea. Arechiga v. State, 462 S.W.2d 1 (Tex.Cr.App. 1971).

4. The record reveals that appellant's counsel at the examining trial was briefly allowed to read statements, but was not allowed to copy such or use them during cross-examination. Such brief examination does not satisfy the requirements of the "Gaskin Rule." Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962).

that the witnesses had not "refreshed their memories from such statements." The trial judge sustained the objection and ruled that he would review the statements and permit the appellant to use anything in them that might be to his benefit. Finding nothing beneficial, the statements were sealed and included in the appellate record. Though statements of witnesses are exempt from pre-trial discovery by Article 39.14, Vernon's Ann.C.C.P., the statute does not control once the "Gaskin Rule" comes into play. See White v. State, 496 S.W.2d 642, 645 (Tex.Cr.App. 1973). When a witness for the State has made a report or given a statement prior to testifying, the "Gaskin Rule" attaches. A defendant, after timely and specific motion, is allowed to inspect and use such report or statement for cross-examination and impeachment purposes. This right obtains even though the witness has not used the instrument to "refresh" his memory. White v. State, 496 S.W.2d 642 (Tex.Cr.App. 1973); Zanders v. State, 480 S.W.2d 708 (Tex.Cr.App. 1972). Since the appellant brought himself within the "Gaskin Rule," *it was error* for the trial court to fail to require production of the witnesses' statements. White v. State, supra. The statements were made a part of the record and an examination by this court of the statements reveals that the statements are entirely consistent with the witnesses' testimony at trial.

Therefore, though the refusal of the trial court to allow the defendant to use the statements during cross-examination was error, the record reveals that such error was harmless.[5] Therefore, no reversal is required. White v. State, supra; Zanders v. State, supra.

This case presents another example of the misconception by prosecutors and trial courts that the "Gaskin Rule" has no ap-

plication when the witness has not refreshed his memory. And we again observe that the trial judge's inspection of the instrument in camera and his statement that no inconsistency appears, and this court's subsequent examination of the instrument forwarded under seal, is often a poor substitute for actual use by the appellant of such instrument on cross-examination. See Rose v. State, 427 S.W.2d 609 (Tex.Cr.App. 1968) (Concurring Opinion); White v. State, supra, at p. 646 (footnote #2).

 In ground of error number thirteen appellant contends that error was committed by the trial court by allowing the investigating policeman to testify that he felt the prosecutrix was truthful in relating the alleged crime because of the details she furnished. Examination of the record reveals no objection to such testimony by appellant's counsel. Absent a timely and proper objection, any error in admitting testimony into evidence is not preserved for review. Ochoa v. State, 481 S.W.2d 847 (Tex.Cr.App. 1972); Blake v. State, 468 S.W.2d 400 (Tex.Cr.App. 1971); Maldonado v. State, 467 S.W.2d 468 (Tex. Cr.App. 1971). Subsequent to the complained of statement, the appellant's counsel cross-examined the policeman, and the record shows the following exchange:

"Q. Officer, you are not taking the position that you are able to tell the jury who is telling the truth and who isn't?

"A. No, sir. That is the reason for the report."

The possibility that the policeman's testimony as to the veracity of the prosecutrix invaded the province of the jury is slight. Therefore, no error is found.

In grounds of error number fourteen and number sixteen the appellant complains that the trial court committed error in allowing

---

5. The harmfulness of the error is dependent upon whether an examination of the statement by this court on appeal demonstrates that the accused should have been allowed the statement for the purposes of cross-examination and possible impeachment. Error per se will result if the accused is denied the opportunity to have made available such statement for the appellate record for the purpose of showing injury, if any. Zanders v. State, supra; White v. State, supra.

the District Attorney, during the cross-examination of the appellant, to allude to and elicit testimony concerning another complaint against the appellant while employed as a park ranger; since such complaint did not result in any conviction or probation, appellant contends that the use of such complaint to impeach him constitutes reversible error. Article 38.29, Vernon's Ann.C.C.P., limits charges of offenses for impeachment purposes to those which resulted in final convictions or present probation for felonies or misdemeanors involving moral turpitude. Ochoa v. State, 481 S.W.2d 847 (Tex.Cr.App. 1972); Stephens v. State, 417 S.W.2d 286 (Tex.Cr.App. 1967).

■■■■ Evidence of specific acts of misconduct of the accused or witness is not generally admissible for impeachment purposes. Sparks v. State, 366 S.W.2d 591 (Tex.Cr.App. 1963); Garcia v. State, 454 S.W.2d 400 (Tex.Cr.App. 1970); Thrash v. State, 482 S.W.2d 213 (Tex.Cr.App. 1972). An exception applies, however, when a witness makes a blanket statement concerning his conduct, such as never having been charged or convicted of any offense, or never having been "in trouble." Nelson v. State, 503 S.W.2d 543 (Tex.Cr.App. 1974); Ochoa v. State, supra; Stephens v. State, supra; Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 (1957). The record in the instant case reveals that the appellant opened the door for impeachment by denying ever having any complaints made against him while a park ranger. The following exchange took place while the District Attorney cross-examined the appellant:

"Q. You have never been reprimanded for that type of activity?

"A. No, not that I recall. I never had any complaints against me for anything, that I know of.

"Q. You never had any complaints against you?

"A. I don't—

"Q. Is that a blanket statement? You never had any complaints against you?

"A. I don't think so. I don't know.

"Q. Well, if you were accused, wouldn't you know?

"A. Yes."

Thereafter, the State, over objection of appellant's counsel, was allowed to prove both a prior complaint and the appellant's knowledge of such complaint. Such evidence was properly admitted to prevent the false impression on the jury that the appellant had a good record for properly performing his duties as park ranger. Therefore, no error is found.

■■■ Finally, in ground of error number fifteen the appellant contends that the failure of the trial court to instruct the jury that the prior complaint could be considered only for the purpose of impeaching the appellant's credibility constituted error. Examination of the record reveals that, pursuant to Articles 36.14 and 36.15, Vernon's Ann.C.C.P., the appellant's counsel was given opportunity to present special requested instructions and objections to the court's charge and failed to do either. Therefore, any error in the charge of the court is waived. Guyton v. State, 472 S.W.2d 130 (Tex.Cr.App. 1971); Smith v. State, 455 S.W.2d 748 (Tex.Cr.App. 1970).

The judgment is affirmed.