TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00398-CV






In re Jennifer Tharp, Criminal District Attorney of Comal County, Texas






ORIGINAL PROCEEDING FROM COMAL COUNTY





M E M O R A N D U M O P I N I O N


 Relator Jennifer Tharp, Comal County's Criminal District Attorney, has filed a
petition for writ of mandamus complaining about the trial court's order granting the motion filed by
the real party in interest seeking discovery related to the underlying DWI case (trial court cause
number 2010-CR-0337). See Tex. R. App. P. 52.1. We deny the petition for writ of mandamus.

 William Nickerson, the real party in interest and the defendant in the underlying DWI
prosecution, filed a motion for discovery, seeking thirty items from the DPS Crime Laboratory in
Austin related to the lab's testing of his blood sample. (1) Following two hearings, the trial court
granted most of Nickerson's requests, ordering the production of twenty specific documents. (2)

 In her petition, Tharp asserts that the court's order is an abuse of discretion because
it violates article 39.14 of the code of criminal procedure by requiring the disclosure of the State's
work product. See Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2012). She also argues
that Nickerson did not establish good cause or the materiality of the evidence to his defense.

 The standard we apply in considering a petition for writ of mandamus in a criminal
case is stricter than the abuse-of-discretion standard applied in civil original proceedings. In criminal
mandamus proceedings, we should not grant relief unless the relator shows that "the act sought to
be compelled is purely ministerial." State v. Court of Appeals for the Fifth District, 34 S.W.3d 924,
927 (Tex. Crim. App. 2001). And, although there is no general right to discovery in a criminal case
beyond exculpatory evidence that the State is constitutionally obliged to disclose, whether certain
evidence is discoverable "is left to the discretion of the trial judge." McBride v. State, 838 S.W.2d 248,
250 (Tex. Crim. App. 1992). The trial court's discretion to allow discovery is limited by the exceptions
set out in article 39.14, and the court may not order the production of "written statements of
witnesses [or] the work product of counsel in the case and their investigators and their notes or
report." Tex. Code Crim. Proc. Ann. art. 39.14(a). It is on the work-product exception that Tharp
relies to assert that the trial court erred in granting Nickerson's motion for discovery.

 The court of criminal appeals has discussed when an expert's identifying information
and opinions are discoverable in the criminal context, seemingly broadening when a criminal
defendant may be granted discovery. (3) See Pope. v. State, 207 S.W.3d 352, 359-62 (Tex. Crim. App.
2006). Pope also provides guidance about what kind of information should be considered privileged
work product protected from disclosure in a criminal case, holding that the decision to designate a
potential witness as a testifying expert "may waive many of the protections otherwise provided by
the work-product doctrine, although it will not waive any confidential communications under the
attorney-client privilege." See id. at 357-58, 366.

 Although Tharp asserts that the evidence ordered to be produced is the State's work
product, she makes only a blanket work-product assertion and has provided no briefing as to why
any specific item is not 

discoverable, nor did she provide any specific explanation or argument in the hearings before the
trial court. (4) When we consider the elevated standard of review we are to apply in such cases,
particularly in light of Pope and the discretion granted to the trial court in determining issues related
to discovery, Tharp has not shown that the trial court acted contrary to a clear ministerial duty and
that she is entitled to mandamus relief. We deny Tharp's petition for writ of mandamus.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed: August 9, 2012
1. For discovery request 28, the motion states that if a Mass Spectrometer was used, there
were three additional documents sought, numbering those items 28.1, 28.2, and 28.3, for a total of
thirty items.
2. Tharp designated Renee Hawkins, a forensic scientist at the laboratory, as an expert witness.
Nickerson then sought a subpoena duces tecum requiring Hawkins to produce the same thirty items
that he sought in his discovery request. Tharp filed a motion to quash, arguing that article 39.14 was
the sole means for pretrial discovery, many of the sought items were privileged, and Nickerson had
not shown that he needed the evidence. The trial court held a hearing and granted the motion to
quash. About a month later, the trial court held a hearing on Nickerson's motion for discovery,
during which very little additional argument was provided.
3. Compare Pope. v. State, 207 S.W.3d 352, 360-62 (Tex. Crim. App. 2006) (discussing when
an expert is a "testifying" expert rather than a "consulting" expert and holding that the parties to a
criminal proceeding may seek information about the opposing side's testifying experts and their
opinions), with Feehery v. State, 480 S.W.2d 649, 651 (Tex. Crim. App. 1972) (stating without
explanation or citation to precedent or authority that "[u]nder Article 39.14, . . . a chemical analysis
of the drugs is excepted as part of the work product of the prosecutor and his investigators").
4. In sharp contrast to the order in this case, which granted twenty of the defendant's thirty
specific discovery requests, the order presented in In re Tharp, our cause number 03-12-00400-CV,
also decided today, simply ordered the production of "[a]ll records, documents, testing data, and
chain of custody records" in the underlying criminal proceeding, going beyond the motion for
discovery and, potentially, violating article 39.14.