# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00398-CV

### In re Jennifer Tharp, Criminal District Attorney of Comal County, Texas

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Jennifer Tharp, Comal County's Criminal District Attorney, has filed a petition for writ of mandamus complaining about the trial court's order granting the motion filed by the real party in interest seeking discovery related to the underlying DWI case (trial court cause number 2010-CR-0337). *See* Tex. R. App. P. 52.1. We deny the petition for writ of mandamus.

William Nickerson, the real party in interest and the defendant in the underlying DWI prosecution, filed a motion for discovery, seeking thirty items from the DPS Crime Laboratory in Austin related to the lab's testing of his blood sample.[1] Following two hearings, the trial court granted most of Nickerson's requests, ordering the production of twenty specific documents.[2]

---

[1] For discovery request 28, the motion states that if a Mass Spectrometer was used, there were three additional documents sought, numbering those items 28.1, 28.2, and 28.3, for a total of thirty items.

[2] Tharp designated Renee Hawkins, a forensic scientist at the laboratory, as an expert witness. Nickerson then sought a subpoena duces tecum requiring Hawkins to produce the same thirty items that he sought in his discovery request. Tharp filed a motion to quash, arguing that article 39.14 was the sole means for pretrial discovery, many of the sought items were privileged, and Nickerson had not shown that he needed the evidence. The trial court held a hearing and granted the motion to quash. About a month later, the trial court held a hearing on Nickerson's motion for discovery, during which very little additional argument was provided.

In her petition, Tharp asserts that the court's order is an abuse of discretion because it violates article 39.14 of the code of criminal procedure by requiring the disclosure of the State's work product. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2012). She also argues that Nickerson did not establish good cause or the materiality of the evidence to his defense.

The standard we apply in considering a petition for writ of mandamus in a criminal case is stricter than the abuse-of-discretion standard applied in civil original proceedings. In criminal mandamus proceedings, we should not grant relief unless the relator shows that "the act sought to be compelled is purely ministerial." *State v. Court of Appeals for the Fifth District*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). And, although there is no general right to discovery in a criminal case beyond exculpatory evidence that the State is constitutionally obliged to disclose, whether certain evidence is discoverable "is left to the discretion of the trial judge." *McBride v. State*, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992). The trial court's discretion to allow discovery is limited by the exceptions set out in article 39.14, and the court may not order the production of "written statements of witnesses [or] the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. Proc. Ann. art. 39.14(a). It is on the work-product exception that Tharp relies to assert that the trial court erred in granting Nickerson's motion for discovery.

The court of criminal appeals has discussed when an expert's identifying information and opinions are discoverable in the criminal context, seemingly broadening when a criminal defendant may be granted discovery.[3] *See Pope. v. State*, 207 S.W.3d 352, 359-62 (Tex. Crim. App.

---

[3] *Compare Pope. v. State*, 207 S.W.3d 352, 360-62 (Tex. Crim. App. 2006) (discussing when an expert is a "testifying" expert rather than a "consulting" expert and holding that the parties to a criminal proceeding may seek information about the opposing side's testifying experts and their opinions), *with Feehery v. State*, 480 S.W.2d 649, 651 (Tex. Crim. App. 1972) (stating without explanation or citation to precedent or authority that "[u]nder Article 39.14, . . . a chemical analysis

2006). *Pope* also provides guidance about what kind of information should be considered privileged work product protected from disclosure in a criminal case, holding that the decision to designate a potential witness as a testifying expert "may waive many of the protections otherwise provided by the work-product doctrine, although it will not waive any confidential communications under the attorney-client privilege." *See id.* at 357-58, 366.

Although Tharp asserts that the evidence ordered to be produced is the State's work product, she makes only a blanket work-product assertion and has provided no briefing as to why any specific item is not

discoverable, nor did she provide any specific explanation or argument in the hearings before the trial court.[4] When we consider the elevated standard of review we are to apply in such cases, particularly in light of *Pope* and the discretion granted to the trial court in determining issues related to discovery, Tharp has not shown that the trial court acted contrary to a clear ministerial duty and that she is entitled to mandamus relief. We deny Tharp's petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed: August 9, 2012

_____

of the drugs is excepted as part of the work product of the prosecutor and his investigators").

[4] In sharp contrast to the order in this case, which granted twenty of the defendant's thirty specific discovery requests, the order presented in *In re Tharp*, our cause number 03-12-00400-CV, also decided today, simply ordered the production of "[a]ll records, documents, testing data, and chain of custody records" in the underlying criminal proceeding, going beyond the motion for discovery and, potentially, violating article 39.14.