Bell, J.
—We are of opinion that the court below did not err in overruling the appellant’s motion for a continuance of the cause. A copy of the indictment appears to have been served on the appellant on the 13th day of December, 1859. The cause came on for trial in the District Court on the 31st day of the same month, which was the eighteenth day after the day on which the copy of the indictment was served, exclusive of the day of service. The application for continuance states, that the witness, *339 for want of whose testimony the continuance was asked, resided in Cass county, and that ten days is barely a reasonable time within which a subpoma or attachment could reach the witness. The argument, based upon the statements of the application for the continuance, is, that inasmuch as twenty days was the shortest time in which an attachment could have reached the witness in Cass county, and been returned to the District Court for Travis county, the appellant is to be excused for not having used any diligence to procure the attendance of the witness, because at the time of making the application for the continuance only eighteen days had elapsed after the service of the indictment.
We think this argument is fallacious. If the appellant could have known that his cause would be called for trial on the 31st day of December, and not afterwards, then, perhaps, he would be excused for not making any effort to do in eighteen days that which required at least twenty days in the performance. But the District Court for Travis county did not adjourn on the 31st day of December, 1859, nor did the appellant have any reason to suppose that it would adjourn on that or an earlier day; for, by law, it might sit, as it did in fact sit, long after the 31st day of December, 1859. We think the application showed a total want of diligence in attempting to procure the testimony for want of which the continuance was asked, without showing any sufficient excuse for the failure to use diligence, and that the motion to continue was therefore properly overruled.
But we are of opinion, that there is error in the charge of the court to the jury. The judge said, in one branch of the instructions, “If the evidence satisfies you that the defendant wrote the assignment in evidence, and the signature thereto, purporting to be the signature of Hugh Henderson, the State is not bound to establish, in addition thereto, that he did the same without lawful authority. *340 If the defendant had lawful authority, that is matter of defense, which he must himself produce, in order that he may be acquitted, provided you are satisfied that he wrote the assignment and the name of Hugh Henderson thereto subscribed.”
It is an essential element of the crime of forgery, that the false instrument in writing shall have been made without lawful authority. The want of lawful authority to make the instrument in writing is what makes the instrument false. If the instrument in writing is one -which the defendant had a right to make for himself, or lawful authority to make for another, then it cannot be false. That the instrument in writing was made without lawful authority must always be averred in the indictment, or the indictment must at least contain equivalent averments, in order to constitute it a good indictment for forgery.
Hor is the State relieved from the burden of proving that the instrument" in writing was made without lawful authority, because the allegation is of a fact negative in its character. Unless the negative allegation that -the instrument of writing was made without lawful authority is supported by proof on the part of the State, the case is not made out. To prove that a certain instrument in writing was made, is by no means to- prove that it was a forgery on the part of him who made it; and if the defendant could be put upon his defense before the State had made out the case against him, it would simply be to require an accused person to prove himself not guilty, instead of requiring the State to prove the accusation as laid in the indictment.
The rule .of law, is, that the burden of proof never shifts, but is on the government throughout. Even in civil cases, there are some exceptions to .the general rule that the burden of proof is on the party holding the affirmative. Where a right of action is grounded upon a negative allegation, the plaintiff must establish the negative: as, for *341 example, in a suit for having prosecuted the plaintiff maliciously and without probable cause. Here the want of probable cause for the prosecution complained of must be made out by the plaintiff by some affirmative proof, though the proposition be negative in its terms. So, in a prosecution for a penalty given by statute, if the statute, in describing the offense, contain negative matter, the count must contain such negative allegation, and it must be supported by prima fade proof. (1 G-reenf. on Ev., §78.) After enumerating certain prosecutions for penalties given by statute, where the statute, in describing the offense, contains negative matter, Mr. Greenleaf says: “ In these and the like cases, it is obvious that plenary proof on the part of the affirmant can hardly be expected, and therefore it is considered sufficient if he offer such evidencé as, in the absence or counter testimony, would afford ground for presuming that the allegation is true.” (1 Greenf. §78.) It is true, that where the subject-matter of a negative averment lies peculiarly within the knowledge- of the other party, the averment is taken as true, unless disproved by that party. There are cases in which it would be practically impossible for the State or party to prove the negative averment, or where the inconvenience of proving it would be very great, and where the defendant can disprove the averment without the least inconvenience, if indeed the fact upon which the prosecution is based does not exist.
This whole subjéct is treated very fully in the sections of Mr. Greenleaf’s work from which I have quoted, and in a note to the 81st section of his 1st volume on evidence.
The law presumes every one to be innocent until the contrary is shown; and, in a case like the present, although the allegation, that the instrument in writing was made without lawful authority, is negative in its character, it is not a fact peculiarly within the knowledge of the defendant, and the allegation must therefore be supported by affirmative proof on the part of the State, at least sufficient *342 to overthrow the presumption of innocence which the law indulges in favor of the defendant.
We think that portion of the judge’s charge which has been quoted was calculated to mislead the jury, by creating upon their minds the impression, that, if the mating of the assignment were proved to be the act of the defendant, and if they were satisfied that he wrote the name of Hugh Henderson subscribed to it, they might return a verdict of guilty, without being satisfied by the evidence that those things were done without lawful authority; in other words, that the State need not make out the whole case. Another portion of the judge’s charge is also to this effect. In a distinct clause he says: “In order to find the defendant guilty, you must be satisfied that the making of the assignment was the act of the defendant, and that he wrote the name of Hugh Henderson, which is subscribed to said assignment.”
We are of opinion, that the land warrant described in the indictment was property in the contemplation of the statute on the subject of forgery, and that it legally imported value, so as to make it unnecessary to allege value in the indictment. But we are also of opinion, that there is no sufficient evidence that such an assignment of the warrant was made by the appellant as would in any manner have affected the property in the warrant. The assignment is proved to have been written by the appellant in blank. The witness. P. de Cordova testified that he wrote the words “two hundred and twenty” in the body of the assignment, and the name of J. C. Kirby, the assignee, wherever it occurred. But it is not shown that this was done at the request of the appellant, or at his suggestion, or in his presence, or with his knowledge. The assignment in blank was inoperative. It could not affect the property in the warrant. That which gave it effect is not shown to have been done by the appellant, or with his knowledge. The charge of the court very nearly *343 assumed that the evidence showed that the blanks in the assignment, as originally written, were filled up by another, at the request of the appellant, or in his presence. The judge said, “It is not necessary that all the writing of the assignment should have been written by the defendant in person, in order to constitute him guilty of the charge. It he wrote a portion of the same, leaving blanks therein, and directed or requested another to fill the blanks, and the same was done by such other in his presence, such filling-up of said blanks would be the act of the defendant as fully as if done with his own hand.” '
The evidence, as exhibited in the statement of facts, did not warrant this charge; because, as has been said, there was no evidence that Mr. de Cordova filled the blanks in the assignment at the request, or by the direction of the appellant, or in his presence.
For the reasons here indicated, we are of opinion, that the judgment of the District Court must be reversed, and the cause remanded for another trial, and it is so ordered.
Reversed and remanded.