Sylvester ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36927.

Court of Criminal Appeals of Texas.

May 20, 1964.

Harry A. Nass, Jr., San Antonio, on appeal only, for appellant.

James E. Barlow, Dist. Atty., John G. Benavides and Raymond A. Wietzel, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, four years.

Mr. Endrizzi, the manager of a liquor store testified that on August 24, 1963, appellant, who was accompanied by another man, asked him if he would cash a payroll check, and that after examining a driver's license bearing the name Miller which appellant presented for identification and observing appellant endorse the name of the payee on the check, which was written on the Northside State Bank payable to Fred Miller and drawn on the San Antonio Jalousie Company by one C. A. Wilkerson, he cashed it. He stated that he identified appellant in a police line up on September 4.

C. A. Wilkerson testified that he was doing business under the name of San Antonio Jalousie Company and that on the night of August 23, his place of business was burglarized and among the items missing were a check writing machine and twelve numbered blank checks from a checkbook. He testified that he notified the bank to stop payment on the numbered checks which were missing. Upon being shown the check passed to Mr. Endrizzi as well as one passed the same day to a Mr. Wheeler in the presence of Mr. Vasquez, both employees of another liquor store in the same city, he stated that, though they were signed C. A. Wilkerson, neither bore his signature, that he had not authorized appellant or anyone else to sign his name to either check and that the signatures were forgeries. He stated that he did not know appellant.

Mr. Ybarbo, Assistant Cashier at the Northside State Bank, testified that C. A. Wilkerson had ordered him to stop payment on checks number 2801 through 2812, that he had not paid either the check given to Mr. Endrizzi or the one given to Mr. Wheeler because of this stop payment order, and because he had compared C. A. Wilkerson's signature card on file at the bank with the signature on both checks and determined that neither check bore Wilkerson's genuine signature.

On the question of motive, intent and knowledge, the court permitted Mr. Vasquez to testify that appellant gave Mr. Wheeler the other check, mentioned earlier in this opinion, which was payable to and endorsed in the name of Otis Ross.

Appellant called John Dossie, an inmate of the Bexar County Jail, who identified appellant, but declined to testify further on the grounds that his testimony would incriminate him.

Appellant, testifying in his own behalf, admitted going to both liquor stores on the day in question in company with John Dossie, but insisted that it was Dossie and not he who passed the checks in question, and that Dossie paid him for his services in carrying him to the liquor stores. On cross examination when being asked if he knew that the checks were forged at the time he and Dossie passed them, he answered, "I'm telling the jury that I didn't cash them; I didn't

**860**

write on them. Somebody else's handwriting is on them. The handwriting expert should be able to prove it; that is what I am trying to say."

The court instructed the jury on the law of principals, and we find the evidence sufficient to sustain the conviction.

Appellant in his brief in questioning the sufficiency of the evidence to sustain the conviction overlooks Wilkerson's testimony not only that the checks were forged, but also that they did not bear his signature nor had he authorized appellant or anyone else to sign his name thereto. Turner v. State, 146 Tex.Cr.R. 474, 176 S.W.2d 327, upon which appellant relies can have no application here because it is a case of forgery and not passing, and because the person whose name was forged on the check failed to testify, as he did in this case, that he did not authorize anyone to sign his name. Attention is also directed to the fact that in Turner, the State introduced a statement made by appellant while under oath in which he denied that he had signed the check, and the Court there held that the testimony of the State's witnesses on comparison of handwriting was not sufficient to disprove this exculpatory statement.

King v. State, 113 Tex.Cr.R. 130, 19 S.W. 2d 52, will not support appellant's contention that he did not know that the instruments were forged because he testified that he had known Dossie some time, knew that his name was neither Miller nor Ross and merely denied that he wrote the checks, but did not deny, as is shown above, that he knew that they were forged.

Verner v. State, 117 Tex.Cr.R. 112, 35 S.W.2d 428, also relied upon by appellant, will not support his position that the State failed to prove that the Otis Ross check passed to Mr. Vasquez was a forgery. The statement of the case hereinbefore set out shows conclusively that it was.

Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.