Willie Lee STOKES, Appellant,

v.

The STATE of Texas, Appellee.

No. 48199.

Court of Criminal Appeals of Texas.

March 20, 1974.

Robert C. Sullivan and Joe D. Gregory, law student, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Ward Casey, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

The jury found appellant guilty of murder and assessed his punishment at confinement for 5000 years.

The indictment charged that while intending to commit, while in the act of preparing for, and in executing the offense of sodomy, appellant caused the death of Teresa Ann Wilson.

█ Although the evidence is largely undisputed, appellant challenges its sufficiency, requiring us to set out the sordid details. On January 24, 1973, the 43-year-old appellant was living with Elizabeth Mucker in a house located on North Eleventh Street in Waco. The deceased, eight years of age, was seen entering this house with Elizabeth Mucker on the afternoon of that date. Other witnesses testified to having seen the child in the company of appellant at a nearby grocery store at approximately ten o'clock that night. On January 30, the child's body was recovered from a shallow grave near the back door of the house theretofore occupied by appellant and Mucker.

The pathologist who performed the autopsy testified that death was brought about by aspiration of vomitus into the trachea and bronchi which in turn caused asphyxiation and death. He also found male spermatozoa in the rectum of deceased, as well as a tear in the vaginal wall. It was his opinion that while an act of sodomy was being executed upon deceased, the vagus nerve was irritated causing vomiting; and, the deceased being unable to expel the vomitus, inhaled the same and thereby suffocated.

Appellant and Elizabeth Mucker were apprehended and arrested in Longview on January 29, and returned to Waco immediately thereafter. After having been given the necessary warnings, appellant made a written confession on January 30, wherein he admitted having committed anal sodomy on the deceased at a time when Elizabeth Mucker was present. After completion of his unnatural sex act, appellant said that he went to bed leaving the child with Elizabeth Mucker. When he awakened, the child was dead. He said that he and the Mucker woman buried the child in a shallow grave near the back door of the house in which the crime had been committed.

Appellant's confession was admitted without objection and he did not testify upon the trial. Elizabeth Mucker was called as a defense witness; but, when the State refused to grant immunity, she claimed the privilege against self-incrimination and did not testify as to any of the details of the crime. The court's charge included a charge on circumstantial evidence as well as upon the law of principals.

Appellant's second ground of error contends that he was entitled to an instructed verdict because the State's evidence did not exclude every reasonable hypothesis except his guilt. His argument is based upon one statement of the pathologist that there was a *possibility* that the dilation of the rectum by a finger could have caused the irritation of the vagus nerve with the consequent vomiting, etc. However, the doctor said that such would not have been the probable result.

Appellant also argues that certain language found in his confession lends support to the contention now advanced, pointing to this portion thereof:

"I layed down on the couch with Lissie [Mucker] and the girl. I was dressed only in my shorts at the time. When I layed down the little girl_s back was toward me. The little girl was moving around and we were talking. I got an erection and and [sic] I placed my penis

between the girls legs. I could feel Lissie's hand on the girls vagina. I then took my penis in my hand and tried to put it in the girl's rectum. I got it in her rectum a little ways and I could feel Lissie's hand rubbing the girl and my penis. . . . and I reached a little climax.

\* \* \* \* \* \*

"I went to the bedroom and lay down. It struck me that something was wrong. I could hear Lissie talking baby talk to the little girl. I though_ that every thing would be alright and that Lissie would take the girl home. I dropped off to sleep."

To this we add that after he awakened he found the girl dead; that he and Mucker buried the body, etc.

From this meager factual basis, appellant argues that the State's evidence "fails to produce a reasonable and moral certainty that the accused committed the offense charged, but establishes as a reasonable hypothesis that Elizabeth Mucker, after the Appellant had fallen asleep in his room, stimulated the vagus nerve with her finger thereby inducing the vomiting which caused the death." We disagree with both the premises advanced and the conclusion drawn therefrom for the reasons now to be stated.

The first authority relied upon by appellant is the language found in 24 Tex.Jur. 2d, Evidence § 729, p. 403, as quoted in Greer v. State, 437 S.W.2d 558, 561 (Tex. Cr.App. 1969). There were many errors noted in *Greer,* a burglary case, and the quotation relied upon by appellant states no more than the general rule to which this court has long adhered. The only other authority cited is Turner v. State, 146 Tex.Cr. R. 474, 176 S.W.2d 327 (1943), a forgery conviction wherein appellant's confession, introduced by the state, negated the commission of the offense. There is language found therein which states the general law that, if the state offers a confession which

is exculpatory in nature, it is bound thereby unless it proves the same to be false. Again, the rule is well established and recognized, but has no application to this case.

There is not a scintilla of evidence in this record that Elizabeth Mucker or anyone else ever had a finger in the child's rectum; nor is there any evidence that the child ever uttered a sound or moved a muscle after appellant had completed his unnatural sex act. As expressed by State's counsel: "Whether or not Appellant, his co-principal or either of them thought the child was still alive after he climaxed . . . is, of course, totally immaterial to his [legal] responsibility for her death."

In 4 Branch's Anno.P.C. (2 ed. Stout 1956) § 2025, at 336, the author cites many cases supporting the rule:

"If there is no evidence of any other cause for the death than the act of the slayer, and his act is sufficient either to cause death or to produce a disease that would cause the death, then the slayer is responsible for the death."

Ground two is overruled without further comment.

We turn next to the fourth ground of error complaining of the refusal to include a charge on exculpatory statements. The factual basis is said to be contained in the last paragraph of his confession previously quoted in our discussion of the second ground of error. Appellant argues: "These statements in the confession tend towards establishing the girl as alive when the Appellant left the room because, otherwise, the Appellant could not have thought it alright to take the girl home." Again, we disagree.

"A statement is not exculpatory unless it exculpates." Perez v. State, 160 Tex.Cr.R. 376, 271 S.W.2d 281, 284 (1954), and repeated in Mendez v. State, 168 Tex. Cr.R. 315, 327 S.W.2d 454, 456 (1959). The overt acts of appellant's co-principal in talking to the child and appellant's

thoughts, as expressed in his self-serving declaration, did not amount in law to exculpatory statements.

■ Moreover, the language of the confession just noted did not entitle appellant to a charge on exculpatory statements. As said in Simon v. State, 488 S.W.2d 439, 443 (Tex.Cr.App.1972): "[A] statement must amount to an admission plus an assertion that would exculpate an accused before such a charge is required." Ground four is overruled.

The remaining grounds of error complain of misconduct of State's counsel during trial. Gary Westerman, a chemist and toxicologist employed by the Texas Department of Public Safety, was called by the State and testified to having received a series of physical exhibits upon which he performed certain tests. One of these objects was a broken brown belt, size 40, which had no significant evidentiary value according to the witness. Upon cross-examination, appellant's counsel compared his waist size to that of appellant, and then the following sequence of events occurred:

"[BY MR. SULLIVAN:]

Q. * * * We can assume that Mr. Stokes—that Mr. Stokes wouldn't wear a size 40 belt, couldn't we?

A. Possibly.

MR. SULLIVAN: Pass the witness.

FURTHER REDIRECT EXAMINATION

BY MR. CASEY [State's counsel]:

Q. Of course, we could assume that, but we wouldn't really know the answer, unless Willie Stokes told us, would we?

A. That's right."

Appellant's prompt objection to this allusion to his failure to testify was sustained; the jury was instructed not to consider the question and answer; but, the court overruled appellant's motion for a mistrial. A substantial portion of the briefs of the parties is devoted to a discussion of this unfortunate event about which appellant complains in his first ground of error.

Appellant's second motion in limine, granted by the trial court, ordered State's counsel "to refrain from mention or reference in any way to failure of Defendant to testify if he so chooses." Westerman was called to testify early in the development of the State's case in chief and long before the State had rested its case. Appellant does not contend that State's counsel had knowledge at that time that appellant would testify or choose to remain silent, nor did the motion in limine furnish such information. We also note that the usual charge on failure to testify was included in the court's charge.

In McCary v. State, 477 S.W.2d 624, 627 (Tex.Cr.App.1972), the court considered a somewhat similar complaint where the comment had been made during the voir dire examination of the jury panel. The court noted that the remarks were made at a time when State's counsel had no way of knowing whether appellant would testify or not. Further, the court found itself unable to conclude that the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the *subsequent* failure of appellant to testify.

■■ Moreover, we note that the trial court promptly sustained the objection thereto and instructed the jury to disregard the remark. Ordinarily, such prompt action of the court removes the harmful effect thereof. Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967). Ground one reflects no error and is overruled. McCary v. State, supra; Hill v. State, 480 S.W.2d 670, 674 (Tex.Cr.App.1972); and Jackson v. State, 501 S.W.2d 660, 662 (Tex.Cr.App. 1973).

The appellant was represented in the trial court, and is represented in this appeal, by court-appointed counsel who has diligently defended his indigent client, thus

upholding the fine traditions of our Bar. In his third and final ground of error, appellant claims that State's counsel made an unwarranted personal attack upon his counsel during the final argument. Understandably, he cites only Bray v. State, 478 S.W.2d 89 (Tex.Cr.App.1972), in support of the contention so advanced.

*Bray* protects defense counsel from unwarranted personal attack; it does not create a sanctuary to which defense counsel may retreat with immunity and thereby deny the prosecutor the right to reply to counsel's argument. Cf. Jackson v. State, supra, at 663 of 501 S.W.2d.

Instead, the rule governing such matters is that set out in 1 Branch's, supra, § 383, p. 403: "The defendant is not entitled to complain of improper argument of State's counsel which is occasioned and justified by the argument of his own counsel."

 Having reviewed the argument of appellant's counsel, we find that the argument of State's counsel now attacked was a legitimate reply and justified by the argument theretofore made by appellant. The third ground of error is overruled.

Four other statements of the prosecutor are challenged but we find no error. In the first instance, there was no objecttion to the argument when made, or other request for relief. Nothing is presented for review. Thomas v. State, 468 S.W.2d 90, 92 (Tex.Cr.App.1971).

Our review of the record convinces us that the second statement challenged by appellant was also a legitimate reply to argument theretofore made by appellant's counsel. It does not reflect error. 1 Branch's, supra.

Appellant's objection to the third statement was sustained and he sought no further relief. No error is presented. 1 Branch's, supra, § 382, p. 402; Hampton v. State, 157 Tex.Cr.R. 244, 248 S.W.2d 488, 489 (1952).

The fourth segment of the argument brought forward as a basis of this ground of error was withdrawn by State's counsel after appellant made his objection. Having sought no additional relief, no error is reflected. Hampton v. State, supra.

The judgment of the trial court is affirmed.

Approved by the Court.

ODOM, J., concurs in the result.