Affirmed and Memorandum Opinion filed June 30, 2005









Affirmed and Memorandum Opinion filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00150-CR

____________

 

RICKY
LOYD POEHLS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 36,899

________________________________________________________

 

M E M O R A N D U M   O P I N I O N








A jury convicted appellant Ricky
Loyd Poehls of aggravated sexual assault and sentenced him to twenty-two years=
confinement.  Appellant claims in his
first issue that the evidence is legally and factually insufficient to support
his conviction.  In his remaining issues,
appellant argues the trial court abused its discretion by: (1) sustaining the
State=s
objection that defense counsel made an improper attack on the prosecutor, (2) overruling
appellant=s objections to the State=s closing
arguments during the punishment phase of trial, (3) responding to the jury=s
questions during deliberations only with direct-examination testimony, and (4)
overruling appellant=s motion
for new trial. We affirm.

I.  Factual Background

Appellant is a divorced father of
three children, two boys and one girl. 
One evening in 2002, when his children were visiting his residence,
appellant entered his daughter=s bedroom
and, after undressing the two of them, got into bed with her.  Appellant=s
daughter, the complainant in this case, testified appellant then rubbed his
penis against her vagina and after several minutes, he left the room.  The following day, after the complainant told
her mother what appellant had done to her, the complainant=s mother
called police.  

Appellant was arrested and
charged with aggravated sexual assault. 
A jury convicted appellant and assessed punishment at twenty-two years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  This appeal ensued.

II.  Issues on Appeal

Appellant brings seven issues on
appeal, beginning with his claim the evidence is legally and factually
insufficient to support his conviction. 
In his second, fourth, fifth and sixth issues, he alleges that, during
closing arguments, the trial court erred by (1) allowing the State=s use of
an anatomically correct doll to summarize the complainant=s
testimony; (2) allowing the State to make an improper plea for law enforcement;
(3) sustaining the State=s
objection that defense counsel made an improper attack on the prosecutor; and
(4) allowing the prosecutor to make an improper attack on defense counsel.  Appellant=s third
issue is a claim that the trial court abused its discretion when it answered a
jury question regarding testimony of the complainant with only the State=s direct
examination of the complainant.  In his
seventh issue, appellant argues the trial court improperly overruled his motion
for new trial based on juror misconduct. 








III.  Discussion

A.        Sufficiency of the evidence

1.         Standards of review

In reviewing evidence for legal sufficiency, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  During this process, we do not reevaluate the
credibility of witnesses or the weight of evidence, and we will not substitute
our judgment for that of the fact-finder. 
Johnson v. State, 967 S.W.2d 410, 412 (Tex. Crim. App.
1998).  We affirm the judgment if any
rational trier of fact could have found the elements of the charged crime
beyond a reasonable doubt.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

When conducting a factual sufficiency review, we remove the
prism of Athe light most favorable to the
verdict@ and view the evidence neutrally,
setting aside the verdict only if (1) the evidence supporting the verdict, if
taken alone, is too weak to sustain the finding of guilt beyond a reasonable
doubt; or (2) the contrary evidence is so strong that the State could not have
met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  In our review of the evidence, we must be
deferential to the jury=s findings and resist intruding on the jury=s role as the sole judge of witness
credibility and the weight to be given evidence.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  Our standards of
review remain the same whether the evidence involved is direct or
circumstantial.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  


2.         Analysis








Appellant argues the evidence is
insufficient because Athere is
not enough evidence in this case to sustain sexual organ-to-organ contact, much
less sexual organ-to-sexual organ contact.@  He further claims that his testimony and
admissions are at most probative of indecency with a child, but do not prove
sexual assault of a child.  In support of
his arguments, appellant cites several cases dealing with an appellant=s
penetration of the victim=s sexual
organ.[1]  In response, the State argues that reliance
on penetration cases is improper, because the statute forbids contact as
well as penetration.  We agree with the
State; the plain words of the statute defeat appellant=s
argument.

The indictment in this case
charged appellant with aggravated sexual assault of a child, namely his
twelve-year-old daughter.  See Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(iii)
(Vernon 2004).  A person commits an
offense under section 22.021 if he intentionally or knowingly Acauses
the sexual organ of a child to contact or penetrate the mouth, anus, or
sexual organ of another person, including the actor,@ and the
victim is younger than fourteen years of age. 
Id. '
22.021(a)(1)(B)(iii) & (a)(2)(B) (emphasis added).  A Achild,@ for
purposes of section 22.021, is any person under seventeen years of age who is
not the actor=s spouse.  Id. '
22.011(c)(1).  The uncorroborated
testimony of a child-victim is sufficient to support a conviction for
aggravated sexual assault.  Tex. Code Crim. Proc. Ann. art.
38.07(a) (Vernon 2005); Empty v. State, 972 S.W.2d 194, 196 (Tex. App.CDallas
1998, pet ref=d).  Further, a victim=s outcry
statement is also probative.  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). 








The complainant testified that
one evening, after she was in bed, appellant came into her room, got into bed
with her, disrobed her and himself, got on top of her, and Arubbed@ his Aprivate@ against
her Aprivate.@  She defined her Aprivate@ as the
body part from which she urinates, and identified her father=s Aprivate@ using
the same terminology.  She also stated
that appellant=s sexual organ actually touched
her sexual organ, and repeated this testimony during cross examination.  In addition, she testified appellant had
engaged in this conduct several times prior to the incident in question.  The complainant=s mother
testified that when her daughter first described what appellant had done, the
description matched the testimony the complainant gave in court.  

Appellant=s signed
confession was admitted into evidence without objection.  In the confession, appellant stated he went
into the complainant=s room to
determine whether she had a rash.  He
also stated that after he disrobed her and himself and the two were in bed
together, he masturbated while he was on top of her.  Further, he stated he did not know when, if
at all, his penis touched her vagina.  

Viewing the evidence in the light
most favorable to the verdict, we conclude there is legally sufficient evidence
to establish the elements of aggravated sexual assault beyond a reasonable
doubt.  See King, 29 S.W.3d at 562; Empty, 972
S.W.2d at 196.  Further, when viewing the
evidence neutrally, we are not convinced the evidence supporting the verdict is too weak to support
the jury=s finding of guilt beyond a
reasonable doubt, nor is the contrary evidence so strong that the State could
not have met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d at 484B85. 
Although appellant=s confession may have conflicted with the testimony of the
complainant, it is the sole province of the jury to reconcile any conflicts in
the evidence.  Herrero v. State,
124 S.W.3d 827, 832 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  The jury was free to believe entirely the
testimony of the complainant and disregard appellant=s confession.  Sharp, 707 S.W.2d at 614.  Accordingly, appellant=s first issue is overruled.  

B.        Appellant=s Abuse
of Discretion Complaints

1.         The State=s use of
a doll to summarize the complainant=s
testimony








In his second issue, appellant
claims the trial court abused its discretion by overruling his objection to the
State=s use of
an anatomically correct doll during closing arguments to illustrate the
complainant=s testimony concerning where
appellant had touched her.  Appellant
cites no authority in support of this argument, stating only that A[n]o case
on point was found at the time of this filing.@  In response, the State argues the use of the
doll was proper because an attorney may use visual aids to summarize
evidence.  

Our Rules of Appellate Procedure
require that briefs Acontain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.@  Tex.
R. App. P. 38.1(h).  Appellant
cites briefly to the record, showing the use of the doll and his objection, but
he provides no authority in support of his contention, nor does he apply the
facts of the case to any rule of evidence. 
We therefore conclude appellant has waived this issue.  See Tex.
R. App. P. 38.1(h); Jensen v. State, 66 S.W.3d 528, 535 n.3 (Tex.
App.CHouston
[14th Dist.] 2002, pet. ref=d)
(noting that conclusory arguments citing no authority present nothing for
review).  Appellant=s second
issue is overruled.   

2.         Trial court=s decision to answer jury
questions solely with direct-examination testimony 

Appellant=s third
issue is a challenge to the trial court=s answers
to the jury=s written questions submitted
during their deliberations.  In two of
six notes to the trial judge, the jury requested the complainant=s
testimony elicited from defense counsel regarding where and in what manner
appellant had touched her.  In both
instances, the trial court responded that the jury=s
questions were not specific enough to guide the court in providing a
response.  Defense counsel objected to
the court=s responses, complaining that the
questions were in fact specific enough to warrant the submission of
cross-examination testimony in response. 
As appellant=s
argument on appeal is inartfully drafted, we perceive it to be a complaint that
the answers to certain jury questions contained only direct examination by the
State and excluded defense cross-examination testimony.  This discrepancy, appellant claims, amounts
to a comment by the trial court on the weight of the evidence and constitutes
an abuse of discretion.  Appellant cites
to no authority for this proposition, nor does he specify which of the eight
jury questions his argument addresses.








To preserve a complaint for
appellate review, an objection at trial must comport with the complaint raised
on appeal.  Tex. R. App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263,
273 (Tex. Crim. App. 1998).  When this
requirement is not met, nothing is preserved for our review.  Tex.
R. App. P. 33.1(a); Ibarra v. State, 11 S.W.3d 189, 197 (Tex.
Crim. App. 1999). As noted, defense counsel objected to the trial court=s
requirement that the jury ask more specifically for the testimony it
requested.  We conclude this trial
objection does not adequately comport with appellant=s
complaint on appealCthat
cross-examination testimony was improperly excluded from the answers to the
jury=s
questionsCand we hold the complaint was not
properly preserved for our review. See Tex.
R. App. P. 33.1(a).  Appellant=s third
issue is overruled.

3.         Improper plea for law enforcement during the State=s closing
argument

In his fourth issue, appellant
complains the trial court abused its discretion by allowing the State to make
an improper plea for law enforcement during closing arguments.  The State argues in response that the statements
were proper and the trial court therefore correctly overruled defense counsel=s
objections.  

At closing arguments during the
punishment phase, the prosecutor stated the jury=s duty is
Ato punish
[appellant] for what he=s
done.  It is also to fill in the
newspaper with what happens to somebody who=s 43
years old . . . .@   Defense counsel objected to the statement
regarding the newspaper as an improper plea for law enforcement, and the
objection was overruled.  The prosecutor
continued, urging the jury to A[f]ill in
tomorrow=s
headlines.@ 
Appellant lodged the same objection, and the trial court again overruled
it.  On appeal, appellant argues that Aallowing
the State to try to get the jury to do something to get into the newspaper is
an appeal to community sentiment,@ and A[s]ince
newspaper headlines are a matter of popularity they are de facto an appeal to
community sentiment.@  Appellant cites no authority supporting these
arguments, stating only that A[s]urprisingly,
no case exactly on point was found by [a]ppellant at the time of this filing.@








Jury argument is proper if it
falls into one of the following categories: 
(1) summation of the evidence; (2) reasonable deductions from the evidence;
(3) responses to arguments of opposing counsel; or (4) pleas for law
enforcement.  Borjan v. State, 787
S.W.2d 53, 55 (Tex. Crim. App. 1990) (per curiam).  To determine whether an argument falls within
one of these categories, we must consider it in light of the entire
record.  Swarb v. State, 125
S.W.3d 672, 685 (Tex. App.CHouston
[1st Dist.] 2003, pet. dism=d).  Pleas for law enforcement are permitted so
long as they do not propose the jury reach a particular verdict based on the
demands, desires, or expectations of the community.  See Cortez v. State, 683 S.W.2d 419,
421 (Tex. Crim. App. 1984); Harris v. State, 122 S.W.3d 871, 888 (Tex.
App.CFort
Worth  2003, pet. ref=d).  For example, the State may properly argue the
relationship between the jury=s verdict
and crime deterrence, as well as the impact of the jury=s verdict
on the community.  Borjan, 787
S.W.2d at 55B56.

We conclude that the prosecutor=s
comments are a proper plea for law enforcement. 
A prosecutor asking the jury to Afill in
the headlines@ is not materially different than
urging the jury to Arepresent
the community@ or to Asend a
message.@ The
prosecutor may properly advocate the jury=s role as
the voice of the community so long as he does not ask the jury to Alend its
ear to the community.@  Harris, 122 S.W.2d at 888.  Accordingly, we overrule appellant=s fourth
issue.             

4.         Objection to statement that the prosecutor was Atrophy
hunting@








Appellant complains in his fifth
issue that the trial court erred in sustaining the State=s
objection to improper jury argument during appellant=s closing
statement.  During closing argument,
appellant=s counsel stated that A[i]t
looks like somebody=s trophy
hunting here to me,@ possibly
inferring that the State sought a larger sentence than was warranted by the
evidence.  As with his second issue,
appellant makes only conclusory statements and provides no authority supporting
his claim of abuse of discretion. We therefore overrule this issue due to
inadequate briefing.  See Tex. R. App. P. 38.1(h); Jensen,
66 S.W.3d 528, 535 n.3.

5.         Prosecutor=s response to defense
counsel=s argument for assessing a
punishment of probation

In his sixth issue, appellant
argues the trial court abused its discretion in overruling his objection to the
prosecutor=s use of the word Atrickery@ because
it amounts to an uninvited and unsubstantiated accusation unsupported by
evidence.  The State claims in its
response that the trial court did not abuse its discretion because the word Atrickery@ was used
in response to appellant=s
argument.    

During his closing argument at
the punishment phase, defense counsel argued: 
AYou heard
the conditions that are possible, and you can use your mind, I think, and
reasonably, with your common sense, come to the conclusion that [appellant] is
going to do 180 days in jail.@  During the State=s closing
statement, the prosecutor referenced defense counsel=s
assertions, stating it is A[a]nother
bit of trickery, to think that this [appellant] is going to get 180 days in
jail if you give him probation.@  Defense counsel objected, claiming the word
trickery was a Astrik[e]
at the [appellant] because of his legal representation.@  The trial court overruled the objection. 

As previously noted, response to
arguments of opposing counsel is a proper subject of jury argument.  Borjan, 787 S.W.2d at 55.  But, the State may not Astrike at
the defendant over the shoulders of his counsel,@ or make
accusations of defense counsel=s bad
faith or dishonesty during argument.  Harris,
122 S.W.3d at 886.  This protection,
however, is limited to situations in which the purpose of the comments is to
inflame the minds of the jury rather than to reply to defense counsel=s
arguments.  Stokes v. State, 506
S.W.2d 860, 864 (Tex. Crim. App. 1974). 
A comment that may appear aimed at defense counsel, but actually
responds to counsel=s
argument, may be proper because responses are permitted when the defense
invites argument.  Swarb, 125
S.W.3d at 686. 








Viewing both statements in the
context of the arguments, the prosecutor=s remark
was in response to defense counsel=s
inference that a sentence of probation would net appellant no more than 180
days of incarceration.  Consequently, the
trial court did not abuse its discretion, as the prosecutor=s statement
was within an invited argument.  See
Swarb, 125 S.W.3d at 686 (finding prosecutor=s
statement A[w]hen [defense attorneys] can=t convince
you, they try to confuse you@ was
proper invited argument).  Appellant=s sixth
issue is therefore overruled.

6.         Trial court=s denial
of motion for new trial

In his final issue, appellant
claims the trial court erred in overruling his motion for new trial based on
juror misconduct.  In support of his
motion, appellant attached an affidavit submitted by appellant=s current
wife, Rita Young, that claimed she observed two female jurors speaking in the
courthouse hallway to a Fort Bend County sheriff=s deputy
who later testified at appellant=s
trial.  At the first of two hearings on
the motion, only two of the six female jurors attended, and Young was unable to
identify either of them as the jurors she saw speaking to the deputy.  In a second hearing, Young successfully identified
the two jurors, but only one testified. 
The juror testified that she did not remember having a conversation with
a sheriff=s deputy, nor did she see anyone
have such a conversation.  

The Code of Criminal Procedure
expressly forbids a juror from conversing with any person regarding the case on
trial outside the presence of, or without the permission of, the court.  Tex.
Code Crim. Proc. Ann. art. 36.22 (Vernon 1981).  Should a prohibited conversation about the
case occur, injury to the defendant is presumed, and a new trial may be
warranted.  Quinn v. State, 958
S.W.2d 395, 401 (Tex. Crim. App. 1997). 
Appellant argues that a conversation was proved and, although the juror
could not remember it, Ait does
not affirmatively appear that the case was not discussed in the conversation or
that nothing prejudicial to the accused was said.@  We find this argument unpersuasive, however,
because it shifts the burden of proof.








A party asserting a claim of
juror misconduct has the burden of proving it.  Patrick v. State, 906 S.W.2d 481, 498
(Tex. Crim. App. 1995).  Although, as
noted, harm is presumed if the case is discussed in an unauthorized
conversation, appellant cites to no authority suggesting that the case is
presumptively discussed when a juror converses with someone outside the
courtroom.  To the contrary, it was
appellant=s burden to show not only that
the conversation took place, but also that those involved actually discussed
the case.  See Stults v. State, 23
S.W.3d 198, 206B07 (Tex.
App.CHouston
[14th Dist.] 2000, pet. ref=d).  Because the juror denied having a
conversation with a sheriff=s deputy,
appellant failed not only to show the conversation ever took place, but that
the case was actually discussed. 
Although Young=s
affidavit may be some evidence of the conversation, we find no abuse of
discretion where a motion for new trial is overruled in the face of conflicting
evidence.  See Sneed v. State, 670
S.W.2d 262, 266 (Tex. Crim. App. 1984). 
Accordingly, we overrule appellant=s seventh
issue.

For the foregoing reasons, we
affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed June 30, 2005.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The cited
cases are:  Vernon v. State, 841
S.W.2d 407 (Tex. Crim. App. 1992); Clay v. State, 518 S.W.2d 550 (Tex.
Crim. App. 1975); and Lynch v. State, 199 S.W.2d 780 (Tex. Crim. App.
1947).