Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



FRANCISCO SALAZAR,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00373-CR

Appeal from the

243rd District Court

of El Paso County, Texas

(TC# 20000D05234)




O P I N I O N

           This is an appeal from a jury conviction for the offense of sexual assault. The jury
assessed punishment at three years’ imprisonment and a fine of $1,000. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Appellant was charged by indictment with two counts of sexual assault. One count
alleged penile penetration and one count alleged digital penetration. The jury returned a
verdict of not guilty on the first count and guilty on the second count.
           At trial the evidence revealed that the complaining witness met Appellant through a
friend of hers. On June 3, 2000, the complainant met Appellant and some others at a house
party. She and Appellant began kissing Appellant got up and pulled the complainant into
a bathroom. The door was locked and they continued kissing. Appellant removed her shirt
against her wishes. She asked him to give her shirt back and he responded that he would not
give it back until she “put out.” Appellant proceeded to undress the complainant. She
testified that he penetrated her with his penis and his fingers. She then fled out of the room
to her friends and went to the police.
           Detective John Cataldi of the El Paso Police Department testified that he arrested
Appellant for sexual assault in August, 2000. Appellant gave a statement wherein he
admitted penetrating the complainant’s vagina with his fingers.
II. DISCUSSION
           In Issue No. One, Appellant asserts the court erred by overruling his Batson challenge
to venireman number 21. During voir dire, Appellant asked if anyone in the venire thought
that a woman who was provocatively dressed was inviting assault. Venireman number 21
responded and the following exchange occurred:
JUROR:To be honest with you, you know, it’s tempting. I think it’s
natural, but it’s not for me to--you know, if I see a girl and, you
know, she’s attractive, I’m not going to tackle her. You know,
it’s natural to stare, but I’m not going to force myself on her.
 
DEFENSE:But, you know, there are some people in our type of culture who
believe that if a woman dresses provocatively, that she--
 
JUROR:Oh, yeah, definitely. Definitely.

 

           After both parties made their strike selections, the Appellant made a gender-based
Batson challenge. Appellant asserted that the State had struck eight men which indicated
gender bias. The court proceeded to hold a Batson hearing. The court found that all of the
prosecutor’s explanations for striking the men were gender neutral. In stating the reason for
striking juror number 21, the prosecutor stated:
He’s very young. He answered as if he was--I hate to say this about anybody,
but he answered as if he was tempted to rape someone himself. When he was
giving his answer, he came across like he was very sympathetic with someone 
who was raping. He said something to the extent of, You know, well, we all--we all want to do that. And to me, most people don’t want to do that, so it
scares me, so I struck him.

           The court denied Appellant’s Batson challenge and the jury was sworn.

           In Batson v. Kentucky, the United States Supreme Court held that the State’s
purposeful use of peremptory strikes in a racially discriminatory manner violates the Equal
Protection Clause of the Fourteenth Amendment to the United States Constitution. Batson
v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Supreme Court has
also applied the analysis to peremptory strikes based on gender. See J.E.B. v. Alabama ex.
rel. T.B., 511 U.S. 127, 145-46, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
           Under Batson, there is a three-step process for evaluating an objection to peremptory
strikes. Hernandez v. New York, 500 U.S. 352, 358, 111 S.Ct. 1859, 114 L.Ed.2d 395
(1991). First, the defendant must make a prima facie showing that the prosecutor has
exercised peremptory strikes on the basis of race. Second, the burden then shifts to the
prosecutor to articulate a race or gender-neutral explanation for the strikes. Id. at 358-59. 
The State’s explanation is not required to be persuasive or even plausible. See Bausley v.
State, 997 S.W.2d 313, 316 (Tex.App.--Dallas 1999, pet. ref’d). It will be deemed to be race
or gender neutral unless its discriminatory intent is inherent. Id. Third, the defendant must
then rebut the State’s explanation or show that the explanation was merely a pretext. The
defendant has the ultimate burden to establish for the trial court that the allegation of
purposeful discrimination is true. Id. In reviewing a Batson objection, we examine the
record in the light most favorable to the trial court’s ruling and reverse only when the ruling
is clearly erroneous. See id. at 315.
           On appeal, Appellant only challenges venireman number 21. The prosecutor’s
explanation appears to be gender neutral. We note that after the State gave its reason for
peremptorily striking that individual, Appellant did not proceed to question the prosecutor
to rebut his explanation or show that the explanation was merely a pretext. Accordingly,
Appellant has failed to substantiate his Batson challenge. Issue No. One is overruled.
           In Issue No. Two, Appellant maintains that the court erred by not allowing
Appellant’s entire confession into evidence in violation of Texas Rule of Evidence 106.


 
During the presentation of the State’s case, Detective John Cataldi testified that he obtained
a written statement from Appellant when he was arrested. On cross-examination, defense
counsel tried to enter the entire statement into evidence. Counsel asserted that it should be
admitted into evidence as a present sense impression. The court held that those parts of the
statement that occurred before and after the sexual assault should be redacted. After further
consultation between the court and the parties, the redacted statement was read to the jury.
           On appeal, Appellant contends that the entire confession should have been read to the
jury under the provisions of Rule 106. However, we note that Appellant never objected on
that ground. An objection must be lodged in a timely manner at trial stating the same legal
basis as propounded on appeal to preserve the point for appellate review. Davila v. State,
930 S.W.2d 641, 650 (Tex.App.--El Paso 1996, pet. ref’d); Maldonado v. State, 902 S.W.2d
708, 711 (Tex.App.--El Paso 1995, no pet.); Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). 
Appellant has failed to preserve the issue for review. Accordingly, Issue No. Two is
overruled.
           In Issue No. Three, Appellant argues that counsel for the State utilized improper jury
argument during closing argument at the guilt-innocence stage of trial. During closing
argument, the following exchange occurred:
STATE:She talked to the State for two hours. If you were a victim of
sexual assault, you would want the State to talk to you for two
hours, too, wouldn’t you, because that’s our job, to let a witness
know what’s going to happen when they get on the stand, to let
a witness know what cross-examination is going to be like, to let
a witness know what kinds of questions she’s going to be faced
with. And he (indicating) would make it out to be something
wrong, something bad.

 

DEFENSE:Your Honor, I would object in that he’s striking the Defendant
over the shoulder of the Defense attorney, Your Honor, by
saying “he” and pointing to me directly, Your Honor.
 
COURT:I’ll overrule that objection.
 
Later in argument, the prosecutor argued:
 
STATE:The crowning thing on his statement beyond the incredulous
story about the sex in the alleyway is when he gives her motive--
keep in mind, he’s not--not as swift as the Defense is today. 
Even two months after thinking about it, what he comes up
with--
 
DEFENSE:Your Honor, he’s striking over the Defendant’s--to the
Defendant over the Defense counsel’s shoulder, Your Honor.
 
COURT:Yeah. Let’s not do that. It was a light strike, but let’s not do
that.
 
DEFENSE:Your Honor, can I have an instruction to disregard?
 
COURT:The jury will disregard the last statement about the Defendant
not as that swift today as they were yesterday. 
 
DEFENSE:And ask for a mistrial, Your Honor.
 
COURT:That’ll be denied. 

           The law provides for and presumes a fair trial, free from improper argument by the
State. Long v. State, 823 S.W.2d 259, 267 (Tex.Crim.App. 1991). Proper jury argument
must encompass one of the following: (1) a summation of the evidence presented at trial; (2)
a reasonable deduction drawn from that evidence; (3) an answer to the opposing counsel’s
argument; or (4) a plea for law enforcement. Guidry v. State, 9 S.W.3d 133, 154
(Tex.Crim.App. 1999); Sandoval v. State, 52 S.W.3d 851, 857 (Tex.App.--Houston [1st
Dist.] 2001, pet. ref’d); Laca v. State, 893 S.W.2d 171, 184-85 (Tex.App.--El Paso 1995, pet.
ref’d). To determine whether a party’s argument properly falls within one of these
categories, we must consider the argument in light of the entire record. Sandoval, 52 S.W.3d
at 857. In most cases, if error occurs, an instruction to disregard will cure any error
committed. Shannon v. State, 942 S.W.2d 591, 597-98 (Tex.Crim.App. 1996).
           The State may not strike at a defendant over the shoulders of his counsel or accuse
defense counsel of bad faith or insincerity during jury argument. Wilson v. State, 938 S.W.2d
57, 61 (Tex.Crim.App. 1996), abrogated on other grounds by Motilla v. State, 78 S.W.3d
352 (Tex.Crim.App. 2002). Uninvited and unsubstantiated accusations of misconduct
directed at a defendant’s attorney are manifestly improper because they serve to inflame the
minds of the jury to the defendant’s prejudice. McMurrough v. State, 995 S.W.2d 944, 947
(Tex.App.--Fort Worth 1999, no pet.). A prosecutor runs a risk of improperly striking a
defendant over the shoulder of counsel when the argument personally impugns opposing
counsel’s character. Mosley v. State, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998). It is
manifestly improper and prejudicial to the defendant for a prosecutor to contrast the ethical
obligations of prosecutors with those of defense attorneys. Id. at 258.
           While defense counsel is protected from unwarranted attack by the prosecution, the
prohibition “does not create a sanctuary to which defense counsel may retreat with immunity
and thereby deny the prosecutor the right to reply to counsel’s argument.” Stokes v. State,
506 S.W.2d 860, 864 (Tex.Crim.App. 1974). Accordingly, a prosecutor is entitled to respond
to an argument by defense counsel that suggests impropriety on the part of the State. See
Lange v. State, 57 S.W.3d 458, 467 (Tex.App.--Amarillo 2001, pet. ref’d) (holding that a
prosecutor’s reference to having taken an oath to uphold justice was permissible response to
defense counsel’s suggestion that prosecution had improperly coached witness); Sandoval
v. State, 52 S.W.3d 851, 858 (Tex.App.--Houston [1st Dist.] 2001, pet. ref’d) (holding that
it was permissible for the prosecutor to respond to defense counsel’s suggestion that the
prosecution manipulated the testimony of a witness). If a defense argument goes outside the
record, the “invited argument rule” permits a prosecutor to respond so long as the
prosecutor’s argument does not exceed the scope of the invitation. Johnson v. State, 611
S.W.2d 649, 650 (Tex.Crim.App. 1981).
           When the trial court sustains an objection and instructs the jury to disregard but denies
a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the
mistrial. Faulkner v. State, 940 S.W.2d 308, 312 (Tex.App.--Fort Worth 1997, pet. ref’d)
(op. on reh’g). Its resolution depends on whether the trial court’s instruction to disregard
cured the prejudicial effect, if any, of the improper argument. Id. As stated above, an
instruction to disregard impermissible argument generally cures any prejudicial effect. 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000), cert. denied, 532 U.S. 944,
121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). In assessing the curative effect of the court’s
instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the
argument was extreme, manifestly improper, injected new and harmful facts into the case,
or violated a mandatory statutory provision and was thus so inflammatory that the instruction
to disregard was ineffective. Wesbrook, 29 S.W.3d at 115-16. If the instruction cured any
prejudicial effect caused by the improper argument, a reviewing court should find that the
trial court did not err. Faulkner, 940 S.W.2d at 312. Only if the reviewing court determines
that the instruction was ineffective does the court go on to determine whether, in light of the
record as a whole, the argument had a substantial and injurious effect or influence on the
jury’s verdict. Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App.
1997).
           Appellant contends that the prosecutor’s statement in the first, above-quoted argument
struck at Appellant over the shoulder of defense counsel. However, we note that during
defense counsel’s argument, he suggested that the jury should know that the complainant was
lying to them because she admitted that she spoke to the prosecutors for two hours before the
trial, but she did not remember how much of that time was spent discussing Appellant’s
statement to the police; thereby implying that she was coached to respond to Appellant’s
statement. We find that the complained-of argument of the prosecutor was a valid response
to defense counsel’s assertions.
           Regarding the second argument, even if we assume that the argument was improper,
an instruction to disregard was given and we do not perceive that it was extreme or that any
new and harmful facts came into the record. Accordingly, the error, if any, was cured. Issue
No. Three is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice
July 14, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)